## Hartford Deposit Company, Appellee, v. Robert Rosenthal et al., Appellants.

### Gen. No. 21,230.

1. LANDLORD AND TENANT, § 402*—*when condition against subletting not terminated.* Under a lease containing a restriction as to the use of the premises and prohibiting assignment or subletting without the consent of the lessor, which conditions were expressly made binding upon the parties to the lease, their heirs, successors and assigns, the fact that the lessor's written consent to a sublease did not contain any further restrictions against subletting or assigning did not operate as a termination of the conditions in the original lease, so as to render a lease by the subtenant, without the consent of the original lessor, valid.

2. LANDLORD AND TENANT, § 429*—*what are rights of landlord against subtenant.* The assignee or subtenant is bound by any restrictions in the chain of title above him relating to assignments or subleasing, and the landlord has the same remedy in equity against the subtenant as against any other tenant with notice.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed and motion to dismiss appeal denied. Opinion filed March 29, 1915.

STEIN, MAYER & STEIN, for appellants.

OSCAR M. WOLFF, A. W. GAGE and CHARLES LEVITON, for appellee; OSCAR M. WOLFF, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court. December 1, 1914, complainant, appellee here, filed its bill of complaint in the Circuit Court against the defendants, appellants here, to enjoin the defendants from conducting a jewelry business in the premises 61 West Madison street, and to restrain the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant Block from occupying or using said premises for any purpose. An interlocutory order of injunction was entered in accordance with the prayer of the bill, and the defendants appealed. Sixty-one West Madison street was formerly 104 Madison street and 59 was 102. February 8, 1911, complainant leased said premises to Stillson and Sebree for ten years from March 1, 1911. The lease provided that the demised premises were, "to be used and occupied by the lessees for restaurant and liquor business and for no other purpose whatsoever." The second clause of the lease provided that: "Neither the lessees nor others having the lessees' estate in the premises, will assign said term or this lease or allow the same to be assigned by operation of law or otherwise, or let or underlet said premises, or any part thereof, or use the same or permit the same to be used for any purpose other than as above specified, and will not make any alterations therein or additions thereto, without the written consent of the lessor first had and obtained." The last paragraph of the lease provided that: "It is mutually covenanted and agreed that each and every one of the covenants and agreements herein contained shall extend to and be binding upon the respective successors, heirs, executors, administrators and assigns of the parties hereto." On the same day Stillson and Sebree assigned the lease to Stillson's Company and the complainant executed a consent to said assignment on condition that the assignor and assignee should both be bound by the lease, and that there should be no further assignment or subletting without the written consent of the complainant. On the same day Stillson's Company demised by written lease to Robert Rosenthal, Sol Rosenthal and B. B. Dale the stores 102 and 104 West Madison street for a term of ten years from April 1, 1911. The stores "to be used and occupied by the lessees for men's clothing business and

for no other purpose whatsoever.'' The second paragraph of this lease and the first sentence of the last paragraph are identical with the above quotations from the second and last paragraphs of the lease to Stillson and Sebree. On the same day complainant executed and delivered to Stillson's Company the following instrument:

"February 8, 1911.
Stillson's Restaurant and Buffet Company,

DEAR SIRS: We hereby consent to the subletting by you of portions of premises held by you of us in Hartford Building, in Chicago, Illinois, to Robert Rosenthal, Sol. Rosenthal and B. B. Dale, for Men's Clothing Business.

Hartford Deposit Company,
By D. M. HILLIS, President.

Attest:
E. C. Wentworth,
Secretary.''

February 27, 1911, Sol. Rosenthal and B. B. Dale assigned their interest in the lease from the Stillson Company to Robert Rosenthal. November 25, 1914, Robert Rosenthal leased 61 West Madison street for a term of two months from December 1, 1914, to Ernest Block, ''to be used and occupied by the lessee as and for mercantile purposes and for no other purpose whatsoever.''

The contention of the appellants is that when the complainant consented in writing to a sublease by the Stillson Company to the Rosenthals and Dale of the stores 59 and 61 West Madison street for men's clothing business, without in the written consent creating any further restriction, the restriction in the head lease was forever removed and a subsequent lease by the subtenants of a portion of the premises without the original lessor's consent is valid. In support of this contention counsel rely on *Dumpor's* case, 44 Coke, 119 B.; 1 Smith's Leading Cases (9th Amer. Ed.) 107.

We do not think that this case is within the rule in *Dumpor's* case. In that case the provision of the lease was that the lessee or his assigns should not alien the premises to any person or persons without the special license of the lessors. During the term the lessors by deed licensed the lessee "to alien or demise the land, or any part of it, to any person or persons whatsoever." Afterwards the lessee assigned his lease to Tubbe, and it was held that the alienation to Tubbe had determined the condition against alienation, and no alienation which Tubbe might thereafter make could break the condition. In *Dumpor's* case the condition was single and not susceptible of more than one breach. The proviso was that the lessee or his assigns should not alien to any person or persons without the special license of the lessors, and the lessors afterwards licensed the lessee to alien the land to any person or persons. Here the license was expressly limited to Stillson's Restaurant and Buffet Company and on the condition that, "no further assignment of said lease and no sub-letting of the premises or any part thereof shall be made without the written consent of said Hartford Deposit Company." *Kew v. Trainor,* 150 Ill. 150; Kales' Future Interests, sec. 63, p. 81. The second clause of the head lease contains a definite agreement that neither "lessees nor others having the lessees' estate in the premises" shall assign, sublet or use or permit the premises to be used for any purpose than as specified in the lease without the written consent of the lessor. An assignee or subtenant is bound by any restrictions in the chain of title above him relating to assignments or subleasing, and the landlord has the same remedy in equity against the subtenant as against any other purchaser with notice. 1 Tiffany, Landlord and Tenant, pp. 810-921; *Peer v. Wadsworth,* 67 N. J. Eq. 191.

We think the order for an injunction appealed from

was proper on the pleadings and proofs in this case, and the order is affirmed.

The motion of appellee to dismiss the appeal is denied.

*Order that an injunction issue. Affirmed. Motion to dismiss the appeal denied.*