GRACE FORD, Plaintiff-Appellant, *v.* DONALD JENNINGS, d/b/a Coffeehouse Management, *et al.*, Defendants-Appellees.

Third District No. 78-253

Opinion filed March 28, 1979.

Douglas L. Ziech, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

Paul E. Root, of Root Law Office, of Morris, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Grace Ford appeals from a summary judgment entered in favor of defendants in this action to recover money damages for the destruction by fire of a building which she owned.

In 1965 Donald E. Jennings, d/b/a Grundy Vending Company, leased a commercial building in the City of Morris from plaintiff and her husband. The written lease specified that the building was to be occupied by lessee as a vending business only and that the premises were not to be sublet without the consent of the lessor. After Jennings took possession of the premises, part of the building was used by Jennings d/b/a Coffeehouse Management for storage and repair of restaurant equipment and part by Jennings d/b/a Grundy Vending Company. Both businesses remained in continuous possession until a new lease was signed in 1972. During the interim, plaintiff's husband died, and Grundy Vending Company was succeeded by Donico, Inc., a corporation wholly owned by Jennings.

On March 9, 1972, plaintiff and Donico, Inc., entered into a new lease which also provided that the building was to be used only as a vending business and that the premises were not to be sublet without the written consent of the lessor. Actual use of the premises remained unchanged under the new lease, and Coffeehouse Management continued in possession of part of the premises.

On February 12, 1976, the building was destroyed by a fire originating in a deep fat fryer which was being repaired by Dana Hillman, an employee of Coffeehouse Management. Plaintiff filed this action to recover $18,800 damages for loss of the building. Her original complaint contained two counts: the first, a negligence count against Hillman, and the second, a negligence count against Jennings d/b/a Coffeehouse Management. Defendants' amended answer denied the allegations of negligence and asserted as an affirmative defense a provision of the lease, commonly called the "yield-up clause," whereby the tenant was required to yield up the premises to the lessor at the termination of the lease in as good condition as when entered upon by the tenant, "loss by fire or inevitable accident, and ordinary wear excepted."

Thereafter plaintiff filed an amended complaint adding Donico, Inc., as a defendant and alleging both a negligence count and a wilful and wanton count[1] against each defendant. Additionally, breach of contract

---

[1] Although it has been said that a fire exemption clause does not absolve a tenant from liability for loss from a fire caused by his wilful and wanton conduct (49 Am. Jur. 2d *Landlord & Tenant* §944 (1970)), we do not consider the wilful and wanton counts because no such issue is raised by the parties on appeal.

was asserted against Donico for subletting the premises and for altering the building without the written consent of plaintiff. Defendants did not answer the amended complaint but instead filed a motion for summary judgment supported by two affidavits. Plaintiff did not file any counteraffidavits, and after hearing arguments of counsel, the trial court entered summary judgment for defendants. Plaintiff appeals.

■■ At common law a tenant is responsible for damage to leased premises resulting from his own negligence, but exculpatory clauses in the lease which relieve the tenant from responsibility for such losses have been given effect in Illinois and in a majority of jurisdictions. (*Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100; 49 Am. Jur. 2d *Landlord & Tenant* §944 (1970).) Plaintiff argues that the lease as a whole is ambiguous as to whether the tenant is responsible for its own negligence and that this ambiguity results in a genuine issue of material fact so as to preclude entry of summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57).

The landmark case in Illinois is *Cerny-Pickas & Co. v. C. R. Jahn Co.*, where the lease in question exempted the lessee from liability for "loss by fire and ordinary wear." Justice Schaeffer, writing for the court, discussed this exculpatory clause, as follows:

> "The word 'fire' is used without qualification throughout the lease before us. Its natural meaning would include all fires, regardless of their origin. To express the meaning for which the lessor contends, the lease would have to be altered to modify the word 'fire' by the qualifying words 'not due to lessee's negligence.' It is more reasonable to assume, we think, that laymen would regard the word 'fire' as including all fires whether of negligent origin or otherwise." (7 Ill. 2d 393, 397, 131 N.E.2d 100, 103.)

The court ruled that the lessee was not liable for fire damage regardless of the cause of the fire.

More recently the supreme court in *One Hundred South Wacker Drive, Inc. v. Szabo Food Service, Inc.* (1975), 60 Ill. 2d 312, 326 N.E.2d 400, had occasion to consider a similar clause which excepted "loss or damage by fire or other casualty," and held:

> "It is clear, then, that the rule is that a clause exculpating a lessee from liability for loss by fire applies to fire damage attributable to the lessee's negligence." 60 Ill. 2d 312, 316, 326 N.E.2d 400, 402.

We think the yield-up clause in the case at bar exculpating "loss by fire or inevitable accident" is within the rule recognized in *One Hundred South Wacker Drive, Inc.*, and is even less ambiguous than the phrase considered there, "fire or other casualty." Of similar import are two other cases holding the lessee not liable for fire caused by his own negligence: *Barr v. Cutler* (4th Dist. 1978), 64 Ill. App. 3d 518, 381 N.E.2d 413 (fire or

other inevitable accidents), and *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 241 N.E.2d 439 (fire or other casualty beyond lessee's control).

A contrary result was reached in *Englehardt v. Triple X Chemical Laboratories, Inc.* (1st Dist. 1977), 53 Ill. App. 3d 926, 369 N.E.2d 67, where the yield-up clause of the lease excepted "loss by fire and other casualty *not caused by the lessee*" (emphasis added), and the court held that the lessor had a cause of action against the lessee for damages to the leased premises. However, from the unique language of that lease, the parties' intention *not* to exempt the tenant from liability for a fire attributable to its acts was clear, and thus *Englehardt* is distinguishable on its facts from the instant case.

 We hold that the yield-up clause here is a bar to a negligence action by plaintiff against Donico, Inc., to recover damages for the fire loss.

Plaintiff also contends that Jennings d/b/a Coffeehouse Management was not a party to the lease and hence was not protected from liability by the yield-up clause. Plaintiff argues that, at best, a "tenancy at will" existed which would be governed by the common law precept that a lessee is liable for damage to leased premises caused by his own negligent conduct. In response defendants argue that Coffeehouse Management was a *de facto* party to the 1972 lease because of its actual occupancy of the premises with plaintiff's knowledge. In the alternative, defendants claim that Coffeehouse Management occupied the premises as a carry-over tenant under the 1965 lease. As another alternative argument, defendants suggest that Coffeehouse Management was a subtenant and therefore entitled to the same benefits of the Ford-Donico lease as the subleasor Donico. Thus, it would appear from the affidavits that a genuine issue of material fact exists as to the legal relationship of the parties. That issue, however, is resolved by the pleadings which reveal that plaintiff alleged in count VII that Donico sublet the premises to Jennings d/b/a Coffeehouse Management without her written consent and that Donico is therefore liable for breach of contract.[2] Defendants have not denied that allegation, and therefore we must accept as fact that Jennings d/b/a Coffeehouse Management was a sublessee of Donico. The next question is whether the sublessee is liable to the owner of the building for fire damage caused by its negligence or whether the exculpatory clause in the Ford-Donico lease exempts the sublessee.

 No privity of contract or estate exists between the sublessee and the original landlord. Furthermore, the sublessee has no greater rights than his lessor, but he is charged with notice of all the conditions in the original lease and is bound by them. (*Wilson-Broadway Building Corp. v.*

---

[2] The parties have waived any issues relating to the breach of contract count by not arguing them on appeal.

*Northwestern Elevated R.R. Co.* (1st Dist. 1922), 225 Ill. App. 306; *Arendt v. Lake View Courts Associates* (2d Dist. 1977), 51 Ill. App. 3d 564, 366 N.E.2d 1096; 24 Ill. L. & Prac. *Landlord & Tenant* §97 (1956).) As a result of want of privity of contract, a landlord cannot sue a sublessee on covenants contained in the original lease; however, the sublessee is bound by any restrictions in the chain of title above him, and so the landlord has the same equitable remedies to enforce the restrictions contained in the original lease that he would have against a purchaser with notice. (*Wilson-Broadway*; *Hartford Deposit Co. v. Rosenthal* (1st Dist. 1915), 192 Ill. App. 211.) These general principles have been applied by courts of other jurisdictions to hold that a subtenant is not bound by a provision in a lease exempting the original landlord from liability on account of fire. Annot., 15 A.L.R. 3d 786, §14 (1967).

■ We believe the reverse would also be true. In the absence of either the consent of the owner or privity of contract, the sublessee cannot rely upon an exculpatory provision in the original lease to bar liability for his negligence as against the owner of the leased property. Instead, the owner-landlord can recover from the sublessee for damage caused by the sublessee's negligence. *Amco Trust, Inc. v. Naylor* (1958), 159 Tex. 146, 317 S.W.2d 47, 73 A.L.R.2d 1109; 49 Am. Jur. 2d *Landlord & Tenant* §509 (1970).

We therefore conclude that summary judgment was erroneously entered in favor of defendant Jennings d/b/a Coffeehouse Management and defendant Hillman. Accordingly the judgment is affirmed as to Donico, Inc., reversed as to Jennings d/b/a Coffeehouse Management and as to Hillman, and remanded to the Circuit Court of Grundy County for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BARRY, P. J., and ALLOY, J., concur.