FIRE INSURANCE EXCHANGE, as Subrogee, Plaintiff-Appellant, v. ROBERT GEEKIE, SR., Defendant-Appellee.

Third District No. 3—87—0787

Opinion filed February 10, 1989.—Rehearing denied March 22, 1989.

STOUDER, P.J., dissenting.

Peter G. Panno and Joshua G. Vincent, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Bruce L. Carmen, of counsel), for appellant.

Law Offices of George E. Krippner, P.C., of Geneva (Kathleen M. Krippner, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Fire Insurance Exchange brought this subrogation action against the defendant, the tenant of its insured, alleging the defendant was liable for damage he caused to the leased premises. The defendant moved for summary judgment on grounds that the landlord's insurer cannot maintain a subrogation action against a tenant who damaged the leased premises by causing a fire. The defendant's motion was granted and Fire Insurance Exchange filed the instant appeal. We reverse and remand.

In 1980, Robert Geekie, Jr., purchased a home from his father, Robert Geekie, Sr., the defendant herein. The son then orally leased the home to his father and became his landlord. At that time, the landlord/son purchased a policy insuring the premises for losses due to fire and the tenant/father purchased a renter's policy. The landlord and tenant had no other discussions or express agreements regarding insurance.

On February 8, 1986, while the tenant was repairing an antique automobile in the garage of the leased premises, a fire extensively damaged the structure and the contents of the premises. Fire Insur-

ance Exchange, the landlord's insurer, paid the landlord $83,644 as a result of the loss. Fire Insurance Exchange then filed the instant complaint against the tenant to recover for the damage which resulted when the tenant allegedly caused the fire. After various motions by the parties were filed, the trial court granted summary judgment in favor of the defendant tenant. In doing so, the court relied on *Anderson v. Peters* (1986), 142 Ill. App. 3d 182 (Heiple, J., dissenting), an earlier decision issued by this court.

The question now before us is whether the landlord's insurer can maintain a subrogation action against a tenant who owns an insurance policy which provides coverage for losses due to his negligence in causing a fire on the leased premises. In resolving this issue, we have reviewed our reasoning and resultant holding in *Anderson*. Based on our careful review of that case, of Illinois law, and of the law of other jurisdictions, we have determined that *Anderson* was incorrectly decided and we now overrule that previous decision.

In *Anderson*, the tenants rented an apartment pursuant to an oral lease. The premises were damaged by a fire which was the result of the tenants' negligence. After paying the landlords for the damages, the landlords' insurer joined with them in a suit against the tenants. The trial court dismissed the complaint. In affirming the trial court's decision, this court acknowledged that a tenant bears a common law responsibility for damage to the demised premises resulting from his own negligence. However, the decision then went on to abandon the common law of Illinois and held that, absent an express agreement to the contrary, a tenant is considered the co-insured of the landlord. This court adopted a portion of an Oklahoma case (*Sutton v. Jondahl* (Okla. Ct. App. 1975), 532 P.2d 478) in support of this departure from the established principles of Illinois law.

In *Sutton*, the landlord's fire insurance carrier sued a tenant and his 10-year-old son to recover a fire loss caused by the boy. After stating that subrogation was begotten of a union between equity and the natural justice of placing the burden of a loss where it ought to be, the Oklahoma court determined that subrogation should not be available to the insurance carrier because the law considers the tenant a co-insured of the landlord, absent an express agreement between them to the contrary. The court reasoned that the tenant actually paid the premiums as part of the monthly rental. Persuaded by so-called public policy considerations, this court followed the reasoning of the *Sutton* court and considered the tenants in *Anderson* to be co-insureds of the landlord even though there was no such agreement between the parties.

▆▆ The established law in Illinois is that in the absence of an express agreement to the contrary, a tenant is liable for damages to the leased premises resulting from his failure to exercise due care. (*Ford v. Jennings* (1979), 70 Ill. App. 3d 219.) This general rule has been applied in cases in which a tenant's negligent acts caused a fire which damaged the demised premises. (*E.g., First National Bank v. G.M.P., Inc.* (1986), 148 Ill. App. 3d 826.) Courts in numerous other jurisdictions have also held that a tenant is liable for injury to the leased premises resulting from a fire due to the tenant's negligence. (Annot., *Liability of Tenant for Damage to the Leased Property Due to his Acts or Neglect*, 10 A.L.R.2d 1012, 1023-25 (1950 & Supp. 1985).) Illinois courts have given a liberal interpretation to exculpatory yield-up clauses, which expressly or impliedly relieve a tenant from liability for fire damage caused by the tenant's negligence. (*Cerny-Pickas & Co. v. C.R. Jahn Co.* (1955), 7 Ill. 2d 393.) However, if such a clause is not included in a lease, traditional landlord-tenant law, which holds the tenant responsible for his negligent acts, still applies.

Illinois law supports a tenant's right to contract in his lease agreement to shift the burden of the loss suffered as a result of his negligently caused fires. When the landlord and tenant have not included in their contract a term shifting the burden, however, a court should not indulge in a legal fiction to create such a term and alter the parties' contract.

▆▆ Turning to the case at bar, we note that the tenancy was established by an oral lease and that both landlord and tenant maintained separate insurance policies. Nothing in the record suggests that the landlord intended to exonerate the tenant from his own negligence or carry him as a co-insured. Accordingly, we hold that the tenant here is liable for his negligence, if any, and Fire Insurance Exchange can rightfully maintain a subrogation action against him. This result is consistent with previously established Illinois precedent and, importantly, it satisfies equitable concerns by placing the burden of the loss where it ought to be—on the negligent party.

Accordingly, we reverse the order of the circuit court of Will County and remand the cause for further proceedings.

Reversed and remanded.

WOMBACHER, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:
I respectfully disagree with the reasoning and result reached by

my colleagues. I believe we should adhere to our recent decision in *Anderson v. Peters* (1986), 142 Ill. App. 3d 182, 491 N.E.2d 768, which would mandate the decision of the trial court be affirmed.

The majority has cavalierly reversed the decision in *Anderson*, which was relied on by the trial court in granting the defendant judgment in his favor in his motion for summary judgment.

Although I grant that the majority has the power to reverse a prior decision of the Third District Appellate Court, the procedure does not represent good appellate practice. It seems to me reasonable appellate practice should require that different panels should adhere to prior decisions of other panels of the same district, particularly those of recent occurrence. Otherwise we would have, as we now have in this district, a rule of law which depends on the panel which hears the appeal, a situation which serves no useful purpose. The problem could be avoided easily by following the rules of reliance on precedents.