DIX MUTUAL INSURANCE COMPANY, as Subrogee of Roy Mitchell Estate, Plaintiff-Appellant, v. TERRENCE LaFRAMBOISE, Defendant-Appellee.

Fourth District   No. 4—90—0704

Opinion filed May 9, 1991.

Monica E. Rackauskas, Mark E. Condon, and Peter W. Schoonmaker, all of Condon & Cook, of Chicago, for appellant.

John A. Beyer and Steven D. Ziegler, of Satter, Ewing, Beyer & Spires, of Pontiac, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Dix Mutual Insurance Company filed a subrogation action against defendant Terrence LaFramboise to recover damages it paid for a fire loss suffered at the premises defendant leased from plaintiff's subrogor, the Roy Mitchell estate (estate). Plaintiff appeals from the dismissal of its first-amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) and argues the trial court erred in finding this subrogation action is barred because defendant is a coinsured with the estate under plaintiff's policy of insurance. We reverse.

Defendant and J.S. Ludwig, acting landlord for the estate, entered into a lease agreement on September 15, 1986, for the house located on the Mitchell farm in Vermilion County, Illinois. The lease provided defendant was to assume the risk for his personal property. The lease also included the following language: "Landlord, J.S. Ludwig, will not be respondsible [sic] for fire, wind, or water damage." The lease did not contain a yield-back or yield-up clause or any express language concerning insurance. The leased premises were damaged by fire on May 9, 1987, when defendant was removing paint from the exterior of the house with a power stripper. Plaintiff paid $40,579 to the estate under the terms of an insurance policy issued to the estate. The insurance policy is not a part of the record.

Defendant filed a motion to dismiss plaintiff's first-amended complaint pursuant to section 2—619 of the Code. Defendant alleged plaintiff's amended complaint was barred by an affirmative matter avoiding the legal effect of plaintiff's claim; namely, that defendant was a coinsured with the estate and, therefore, an action for subrogation could not be maintained. The trial court granted the motion with prejudice and stated its earlier order dismissing the original complaint for failure to state a cause of action still applied. In the earlier order, the court found (1) defendant was a coinsured with the estate under the policy and, therefore, a subrogation action could not be maintained; (2) there was no allegation defendant agreed to accept responsibility for his own negligence; (3) the obtaining of insurance by the estate evidenced the parties' intent that defendant would not be liable for damage caused by his own negligence; and (4) that when a landlord obtains insurance on rental real estate, it is understood the tenant is also an insured party. The trial court also noted the conflict in the Illinois cases addressing the issue but determined the cases supporting defendant's position were better reasoned.

Plaintiff appeals the dismissal of its complaint pursuant to section 2—619 and argues that since the lease agreement did not exempt defendant from liability for damages caused by his own negligence, the common law rule that a tenant is responsible for his own negligence is applicable. Plaintiff maintains the recent decision from the Third District Appellate Court, *Fire Insurance Exchange v. Geekie* (1989), 179 Ill. App. 3d 679, 534 N.E.2d 1061, correctly states the rule and is, therefore, applicable to this case.

Defendant contends a decision from the First District Appellate Court, *Continental Casualty Co. v. Polk Brothers, Inc.* (1983), 120 Ill. App. 3d 395, 457 N.E.2d 1271, is controlling and urges the modern trend is to find, in the absence of an express agreement that a tenant is responsible for his negligence, that a tenant is a coinsured under a landlord's policy of insurance. Defendant also maintains the fact that the estate obtained insurance is an important factor to be considered.

■ It is axiomatic that for a right of subrogation to exist, the subrogor must possess a right which he could enforce against a third party and that the subrogee must seek to enforce the subrogor's right. (*Continental Casualty*, 120 Ill. App. 3d 395, 457 N.E.2d 1271.) In the case presented, it must be determined whether the landlord can sue the tenant-defendant for damages resulting from the fire he caused to the leased premises.

■ It is well established in Illinois that in the absence of an express agreement to the contrary, a tenant is liable for damage to the leased premises resulting from his failure to exercise due care. (*Ford v. Jennings* (1979), 70 Ill. App. 3d 219, 387 N.E.2d 1125; *Barr v. Cutler* (1978), 64 Ill. App. 3d 518, 381 N.E.2d 413.) Where a lease does not expressly provide that a lessee is to be free from liability for fires resulting from his own negligence, the intent of the parties regarding the lessee's liability must be gleaned from considering the instrument as a whole. *One Hundred South Wacker Drive, Inc. v. Szabo Food Service, Inc.* (1975), 60 Ill. 2d 312, 314, 326 N.E.2d 400, 401; *Cerny-Pickas & Co. v. C.R. Jahn Co.* (1955), 7 Ill. 2d 393, 396, 131 N.E.2d 100, 102-03.

■ Yield-up or yield-back provisions in leases prescribe the conditions in which the leased premises must be found at the time the lease is terminated. (*Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 928, 369 N.E.2d 67, 69.) Leases which contain a yield-back clause specifically excepting fire damages as well as ordinary wear and tear from a lessee's liability have been held to exculpate a lessee for fires caused by the lessee's negligence. (*Ford*, 70 Ill. App. 3d 219, 387 N.E.2d 1125; *Cerny-Pickas*, 7 Ill. 2d 393, 131

N.E.2d 100.) Where there is no yield-back clause or that clause is silent regarding fires, the entire contract is scrutinized. *First National Bank v. G.M.P., Inc.* (1986), 148 Ill. App. 3d 826, 828, 499 N.E.2d 1039, 1041; *Continental Casualty*, 120 Ill. App. 3d 395, 457 N.E.2d 1271.

A complete review of the reported cases addressing these issues is necessary.

In *Cerny-Pickas*, premises leased to defendant were destroyed by fire. The lease provided lessor was to pay for the fire insurance and the lessee was responsible for increases in fire insurance premiums due to the nature of the lessee's business. The lease also provided lessor could terminate the lease if the premises became untenantable by fire or other casualty. The yield-back clause excepted fire from the lessee's liability. The court determined the yield-back clause exonerated lessee from. liability for fires caused by its own negligence and the lease *as a whole* evidenced the parties' intent that the lessor looked solely to insurance as compensation for fire damage.

In *Englehardt*, given that the yield-back provision in the lease specifically stated lessee was responsible for fires negligently caused, the court relied on the *Cerny-Pickas* reasoning and determined the lessor could recover damages from the lessee.

As noted, defendant relies on a case from first district, *Continental Casualty*. There, the yield-back clause did not exempt fire but the court determined that the lease as a whole evidenced an intent that the lessor obtain fire insurance covering the lessee and its acts of negligence. The lease provided that if the leased building was *totally* destroyed by fire, as occurred, the lessor would be responsible for the repairs. Another provision governed partial damage by fire and the lessor's obligation to repair was conditioned on the fire happening without any fault of the lessee. Since the whole building was destroyed, the lessor's fire insurer had no subrogation claim against the lessee. The *Continental Casualty* court also stated the key factor in determining whether the parties to a lease intended to exculpate the lessee's negligence is the allocation of insurance burdens as evidenced by the terms of the lease.

In *First National Bank*, the court concluded, after considering the entire lease, that the lessee was responsible for negligently caused fires. The lease in question contained a yield-back clause which did not except fires and no provisions regarding which party was responsible for obtaining insurance. While various other provisions in the lease supported a construction that the lessee was responsible for its negligence, one provision supported the lessee's position that he was

not so responsible. However, the court determined the lease *as a whole* evidenced the parties' intent that the lessee was liable for its negligent acts.

In *Geekie*, relied upon by the plaintiff, the court overruled an earlier third district case, *Anderson v. Peters* (1986), 142 Ill. App. 3d 182, 491 N.E.2d 768. Both cases involved an oral lease and it was undisputed that both tenants were responsible for the fire which damaged the leased premises. In *Geekie*, both landlord and tenant had obtained separate insurance policies to cover fires. In *Geekie*, the court held there was no evidence the landlord intended to exonerate the tenant for his negligence and, therefore, the tenant was liable and a subrogation action by landlord's insurer could be maintained against the tenant. The *Geekie* court overruled *Anderson*, where the court had abrogated the common law rule and held, in the absence of an agreement to the contrary, a tenant was a coinsured of the landlord and, thus, no subrogation action against the tenant could be maintained.

Before it was overruled, two appellate cases relied in part on *Anderson* and determined the defendant-lessee was a coinsured of the landlord-insured. In *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131, 519 N.E.2d 699, the lease contained a provision directing that the tenant was to pay the insurance when it came due. The court determined this provision meant the tenant was to pay the *premiums* on the insurance policies obtained by the landlord, and the fact that the landlord obtained insurance on the day the lease was executed was evidence of the parties' intent that the tenant be a coinsured under the landlord's policy. Similarly, in *Reich v. Tharp* (1987), 167 Ill. App. 3d 496, 521 N.E.2d 530, the court determined the defendant was a coinsured with the plaintiff, given that the parties agreed in writing defendant would be a named coinsured, although that act never took place. In reaching its decision, the *Reich* court noted *Anderson* and the trend in landlord-tenant cases to deny subrogation and find the parties coinsured under the landlord's policy.

A recent Federal case, *Regent Insurance Co. v. Economy Preferred Insurance Co.* (C.D. Ill. 1990), 749 F. Supp. 191, reviewed Illinois law on these issues and determined the *Cerny-Pickas* case sets forth the rule. There, two insurance companies issued policies insuring the subject rental premises which were destroyed by fire. Plaintiff's company sought a declaratory judgment that no right of subrogation existed under Illinois law in favor of the defendant-landlord's insurer. The court reviewed *McGinnis, Anderson, Geekie*, and *Cerny-Pickas* and concluded, as the supreme court did in *Cerny-Pickas*, that a ten-

ant is a coinsured *only* when there is something in the lease which can be interpreted as exonerating the tenant from his own negligence. (*Regent,* 749 F. Supp. at 195.) The lease in *Regent* contained no yield-back clause or any provisions stating the tenant was exculpated from liability for his negligent acts. Thus, the common law rule that a tenant was responsible for fire damage was applicable and defendant had a valid subrogation claim against the tenant.

We conclude *Cerny-Pickas* sets forth the rule on these issues. The lease in the case presented contains no yield-back provision. It does, however, contain express language that the landlord shall not be responsible for damage caused by fire. This language is similar to that in *Englehardt, First National Bank,* and *Regent.* Thus, we find the trial court erred in dismissing plaintiff's complaint on the basis that plaintiff had no subrogation claim against defendant.

For the foregoing reasons, the order of the trial court is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

LUND, P.J., and SPITZ, J., concur.