**Duane E. NEUBAUER and Evelyn Neubauer, Appellees,**

v.

**Joyce HOSTETTER, Appellant,**

and

**Jennings Hostetter, Defendant.**

No. 90–1875.

Supreme Court of Iowa.

May 13, 1992.

Kenneth R. Munro of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellant.

Timothy J. McKay of McKay, Moreland & Webber, P.C., Ottumwa, for appellees.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

Joyce Hostetter, a tenant of a farm home owned by plaintiffs, Duane Neubauer and Evelyn Neubauer, appeals from an adverse judgment in an action against her by the Neubauers and their fire insurer. The gravamen of the action is the negligence of defendant Joyce Hostetter, which caused fire damage to the leased premises. The district court entered judgment in favor of the plaintiffs against defendant Joyce Hostetter. No liability was found on the part of her husband, Jennings Hostetter, who had also been named as a defendant in the action. Joyce has appealed, asserting that she also was an insured under the plaintiffs' fire policy. We conclude that she has failed to establish that position and accordingly affirm the judgment of the district court.

Plaintiffs were the owners of a two-story, nine-room farmhouse in rural Jefferson County. They purchased a fire insurance policy from Farmers Mutual Insurance Association (Farmers Mutual) in February 1981 to cover the premises. In late 1985, the Neubauers rented the farmhouse to Jennings Hostetter pursuant to an oral lease. The parties agreed on rent and utility charges, but the procuring or existence of fire insurance was not discussed. At the time the lease was entered into, Jennings' wife, defendant, Joyce Hostetter, was living in Illinois. In 1986, she moved into the farmhouse.

After the house sustained some wind damage in 1986, Duane Neubauer informed Jennings Hostetter that Duane carried insurance on the house. When similar damage occurred in 1987, Duane informed Jennings that his policy covered only the structure, and Jennings should obtain renter's insurance for his personal belongings. In February 1988, defendants purchased a renter's policy from Auto–Owners Mutual Insurance Company (Auto–Owners) after an electrical surge damaged some of their personal property.

On a windy day in March 1988, Joyce was burning trash behind the farmhouse. She left the fire unattended, and it spread across the backyard to the house, totally destroying the dwelling. The parties stipulated that the total damages are $28,176. Farmers Mutual paid the plaintiffs $22,000, the limits under the policy, leaving an uninsured loss of $6176. Farmers Mutual later brought this action in the Neubauers' names to recover the damages. Farmers Mutual is subrogated to its insureds' claim for $22,000 and also seeks to recover the uninsured damages for the Neubauers. Auto–Owners is defending the action on behalf of its insureds, the Hostetters, and admits coverage for the payment of damages that Joyce Hostetter becomes legally obligated to pay.

The parties stipulated that Joyce Hostetter negligently caused the fire that destroyed the farmhouse. The parties also stipulated that Jennings Hostetter was not at fault, either directly or vicariously. When defendant discovered that the action was a subrogation claim brought by Neubauers' insurer, defendant moved for summary judgment alleging that a landlord's insurer is precluded as a matter of law from exercising any subrogation rights against a tenant. The district court overruled the motion, concluding that defendants are not coinsureds under plaintiffs' fire insurance policy.

The parties then submitted the action to the court as a submission of a question of law and consent to judgment pursuant to Iowa Code section 678.8 (1989). The court entered judgment for plaintiffs for the stipulated damages.

Neither defendant, Joyce Hostetter, nor her husband were named as insureds in the Farm Mutual policy issued to the Neubauers. She urges, however, that she and her husband were "implied coinsureds" for purposes of defeating Farm Mutual's subrogation claim. This argument is drawn from a series of cases decided in other jurisdictions.

The case that most nearly supports defendant's theory is *Sutton v. Jondahl,* 532 P.2d 478 (Okla.App.1975), in which a landlord's insurer took a subrogation action against the tenants who negligently caused fire damage. The court held that subrogation was not available because a tenant is considered a coinsured of the landlord absent an express agreement to the contrary. The court discussed four major reasons for its decision: (1) Both the landlord and the tenant have an insurable interest in the rented premises—ownership and possessory—and an insurance policy protects all property interests; (2) In effect, the tenant pays for part of the insurance premium as part of the monthly rent; (3) Tenants reasonably rely on the owner to provide fire protection and expect the insurance to cover them; and (4) It is equitable to place the risk of fire loss on the insurer, which has collected premiums for the risk, rather than on the tenant—"a party occupying a substantially different position from that of a fire-causing third party not in privity with the insured landlord." *Id.* at 482.

Nine other jurisdictions have followed the Oklahoma Court of Appeals decision in *Sutton.* See *Alaska Ins. Co. v. RCA Alaska Communications, Inc.,* 623 P.2d 1216 (Alaska 1981); *Liberty Mut. Fire Ins. Co. v. Auto Spring Supply Co.,* 59 Cal.App.3d 860, 131 Cal.Rptr. 211 (1976); *Safeco Ins. Co. v. Weisgerber,* 115 Idaho 428, 767 P.2d 271 (1989); *New Hampshire Ins. Group v. Labombard,* 155 Mich.App. 369, 399 N.W.2d 527 (1986); *Reeder v. Reeder,* 217 Neb. 120, 348 N.W.2d 832 (1984); *Safeco Ins. Co. v. Capri,* 101 Nev. 429, 705 P.2d 659 (1985); *Fashion Place Invs., Ltd. v. Salt Lake County Mental Health,* 776 P.2d 941 (Utah App.1989); *Monterey Corp. v. Hart,* 216 Va. 843, 224 S.E.2d 142 (1976); *Cascade Trailer Court v. Beeson,* 50 Wash.App. 678, 749 P.2d 761 (1988).[1]

1. The Illinois appellate districts are split on the issue. *Compare McGinnis ex rel. CIE Serv. Corp. v. LaShelle,* 166 Ill.App.3d 131, 116 Ill.Dec. 631, 519 N.E.2d 699 (1988) *with Fire Ins. Exch. v. Geekie,* 179 Ill.App.3d 679, 128 Ill.Dec. 616, 534 N.E.2d 1061 (1989). In *Regent Ins. Co. v. Econ- omy Preferred Ins. Co.,* 749 F.Supp. 191, 195 (C.D.Ill.1990), the court, construing Illinois law, held that, in the absence of an agreement to the contrary, a tenant is liable for damages caused by his failure to exercise due care.

The decisions in some of these cases turn on the existence of a lease provision that excepted fire damage from the tenant's responsibility. For example, in *Weisgerber*, the lease contained a clause that stated that the tenant maintain the premises "damage by the elements and fire excepted." The court held that such a provision "prohibits subrogation against that tenant by a landlord's insurer for fire damage caused by a tenant's negligence." 767 P.2d at 274.

Several courts have rejected *Sutton* and its progeny. In *Page v. Scott*, 263 Ark. 684, 567 S.W.2d 101 (1978), the tenant rented a residence under an oral lease. The landlord's insurer sought subrogation from the tenant for fire damage caused negligently by the tenant. The court noted that in Arkansas, a landlord may recover from his tenant for fire damage caused by the tenant's negligence, and this is so regardless of the existence of insurance. *Id.* 567 S.W.2d at 103. The court found no evidence that the insurance purchased by the landlord was for the benefit of both parties. *Id.* The court rejected the "fiction" that the tenant paid the insurance premium as a part of the rent, finding instead that market factors control the setting of rental prices. *Id.* at 104. The court allowed the subrogation action. *Id.*

In *Fire Insurance Exchange v. Geekie*, 179 Ill.App.3d 679, 128 Ill.Dec. 616, 534 N.E.2d 1061 (1989), tenancy was established by an oral lease and both parties had insurance. The court found that traditional landlord-tenant law holds the tenant responsible for his negligent acts. Although the tenant has a contractual right to shift the burden, in the absence of such a contractual provision, the court would not indulge in a legal fiction of creating the term. *Id.* at 682, 128 Ill.Dec. at 617, 534 N.E.2d at 1062. The court allowed subrogation, stating that "it satisfies equitable concerns by placing the burden of the loss where it ought to be—on the negligent party." *Id.* *See also Dix Mut. Ins. Co. v. LaFramboise*, 213 Ill.App.3d 292, 296, 157

Ill.Dec. 140, 143, 571 N.E.2d 1159, 1162 (1991) (tenant is coinsured only when there is something in lease that can be interpreted as exonerating the tenant from his own negligence); *Britton v. Wooten*, 817 S.W.2d 443, 447 (Ky.1991) (tenant is liable for negligence in absence of agreement); *Zoppi v. Traurig*, 251 N.J.Super. 283, 287, 598 A.2d 19, 21 (L.Div.1990) (if landlord has claim against tenant, the existence of insurance should not exculpate tenant from his negligent conduct, absent an agreement).

Appleman's insurance treatise provides:

A person not named in an insurance policy is considered an insured for purposes of preventing subrogation when, under the circumstances, the insurer seeking subrogation is attempting, in effect, to recover from the insured on the risk the insurer had agreed to take upon payment of the premium.

6A J. Appleman, *Insurance Law and Practice* § 4055, at 78 (1991 Supp.). Appleman notes that the modern trend is to find that a tenant is a coinsured based on the rationale in *Sutton*. *Id.* at 79. Significantly, however, Appleman criticizes the holding:

*Sutton*, the leading modern case denying subrogation of lessees, cites no cases for the proposition that the lessee is a coinsured of the lessor, comparable to a permissive user under an auto insurance policy. Contrary to the court's statements, the fact both parties had insurable interests does not make them coinsureds. The insurer has a right to choose whom it will insure and it did not choose to insure the lessees, and under this holding the lessee could have sued the insurer for loss due to damage to the realty, e.g. loss of use if policy provides such coverage. Cases following *Sutton*, however, have at least impliedly restricted the co-insurance relationship to one limited solely to the purpose of prohibiting subrogation.

*Id.* at 94 n. 86.01.

Consistent with the views expressed in the Appleman treatise, we also do not ac-

The New York appellate divisions are also split. *Compare Galante v. Hathaway Bakeries, Inc.*, 6 A.D.2d 142, 149, 176 N.Y.S.2d 87, 94 (1958) *with Fireman's Ins. Co. v. Wheeler*, 165 A.D.2d 141, 143–45, 566 N.Y.S.2d 692, 693–94 (1991).

cept the rationale that the tenant has propounded in the present case. It is based on the theory that, because the whole is equal to the sum of its parts, fire insurance on an entire dwelling includes the interest of both landlord and tenant as a matter of law. This argument disregards the fact that these are separate estates capable of being separately valued and separately insured. To the extent that defendant and her husband also had a property interest in the dwelling, it was not automatically insured under the landlords' policy. There is nothing in the present record to suggest that the proceeds paid to the Neubauers by Farmers Mutual exceeded the value of the landlords' reversionary interest in the property. Even if such evidence existed, this would only establish an overvaluation by the insurer of the landlords' loss.

If the landlords had agreed to insure the tenants' interest in the property and failed to do so, the result might be different. *See Connor v. Thompson Constr. & Dev. Co.*, 166 N.W.2d 109, 111–13 (Iowa 1969).[2] Defendant does not assert, however, that the Neubauers, as her landlord, ever agreed to provide insurance covering her tenancy estate. We have considered all arguments presented, and conclude that the judgment of the district court should be affirmed.

AFFIRMED.

2. The holding in the *Connor* case may have been influenced by language in a contract between a homebuilder and the insured that could be interpreted as adjusting the liability between the parties for fire damages irrespective of insurance coverage. The highest court in the jurisdiction that spawned the *Sutton v. Jondahl* case has questioned whether failure to insure another's interest as per agreement is any more than a setoff to a subrogation claim if the interest that was not insured is not coextensive with the insured interest for which payment was made by the subrogated insurer. *See Travelers Ins. Cos. v. Dickey*, 799 P.2d 625, 629–30 (Okla.1990).