DENNIS NELSON *et al.*, Plaintiffs, v. GLENN GREENBERG, Defendant-Appellee (United States Fidelity & Guaranty Company, as Subrogee, Plaintiff-Appellant).

Second District No. 2—92—0088

Opinion filed November 17, 1992.—Rehearing denied December 23, 1992.

Richard K. Van Evera and Robert C. Pottinger, both of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellants.

John S. Lowry, of Brassfield, Cowan & Howard, of Rockford, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

United States Fidelity & Guaranty Company (USF&G) brought suit in the name of the plaintiffs, Dennis and Mary Nelson, claiming a right of subrogation as the plaintiffs' insurance carrier for damages resulting from the negligence of the defendant, Glenn Greenberg. The plaintiffs now appeal from an order of the trial court granting summary judgment in favor of the defendant. The plaintiffs contend that summary judgment was improper because the defendant was liable for fire damage to the leased premises.

Prior to October 20, 1988, the plaintiffs entered into an agreement to lease to the defendant two parcels of property located at 613

and 615 Seventh Street, Rockford, Illinois. The locations were leased under separate, but similar, agreements. The lease for the 613 location stated:

"DEPOSIT MADE HEREWITH WILL BE REFUNDED UPON DEPARTURE PROVIDED THE FOLLOWING REQUIREMENTS ARE MET:

1. TENANTS REMAINING ONE YEAR—FULL REFUND.

2. TENANTS REMAINING 90 DAYS—ONE-HALF REFUND.

3. TENANTS REMAINING LESS-THAN 90 DAYS—NO REFUND.

SUBJECT TO 30 DAY NOTICE IN ANY CASE.

UTILITIES—Gas, lights and water will be paid by management.

OCCUPANCY SHALL BE LIMITED TO ABOVE NAMED TENANT. Tenant agrees not to sublet the apartment or assign this agreement. Tenant agrees to conduct him or herself in a manner which will not be inconsiderate of others' rights. NO PETS—PARTIES—CHILDREN.

IF ANY legal action be necessary, fees will be paid by tenants.

MAJOR MAINTENANCE will be handled by management. Right to enter the apartment during reasonable business hours for the purpose of making repairs, or make routine inspection pursuant to making repairs, is reserved by management.

REPOSSESSION of apartment by management may be made upon three days written notice for non-payment of rent, disorderly conduct or other proper reason.

COLLECTION COSTS—Should tenant not pay the rent due under this agreement, management may take whatever steps necessary to collect said rents, and any collection costs will be added to amount due.

BREAKAGE—Tenants will be charged for all breakage.

NO OUTSIDE STORAGE—waste or trash to be removed weekly by tenant."

Although the lease agreement for the 615 location contains minor differences, those differences are not in dispute and do not affect the disposition of this case.

At the time the leases were executed, the plaintiffs had obtained an insurance policy for both locations through USF&G. Although the plaintiffs alleged that the defendant had obtained a renter's insurance

policy covering both locations, there is no evidence in the record of any insurance procured by the defendant, nor what kind of coverage such insurance provided. On October 20, 1988, a fire destroyed both locations, resulting in $107,515.18 in damages. Pursuant to its policy, USF&G paid the plaintiffs the full amount for the fire loss.

USF&G filed this action in the plaintiffs' names, alleging the defendant's negligence caused the fire and seeking $107,515.18 in damages. The defendant filed a motion for summary judgment, contending that the plaintiffs had been reimbursed by USF&G for the fire loss and that, pursuant to this court's ruling in *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131, a landlord's insurer has no subrogation claim against a tenant who negligently caused damage to leased premises. The plaintiffs urged the trial court to follow the Appellate Court, Third District, case of *Fire Insurance Exchange v. Geekie* (1989), 179 Ill. App. 3d 679, which held that, in the absence of an express agreement to the contrary, a tenant is liable for damage to leased premises resulting from his own negligence.

After hearing argument, the trial court granted the defendant's motion. In so ruling, the court acknowledged the conflicting cases and stated:

> "I think the state of the law is changing to favor the argument presented by [plaintiffs]. Frankly, I think the—the equities are with [plaintiffs]. However, the factor that decided it for me is that [defendant's] case [*McGinnis v. LaShelle* (1988), 166 Ill. App. 3d 131,] that he cited from [the second] district could not have been more on point. I think that even though the trial court may have feelings about the equities, that the people have the right to rely on the law as it's established in this jurisdiction; and I have to accordingly grant the motion brought by [defendant]."

The plaintiffs appealed the order granting summary judgment.

The issue on appeal is whether a landlord's insurer is entitled to subrogation from a tenant for fire loss where the lease agreement makes no reference to the parties' liability for fire damage to the leased premises.

After the parties filed their briefs in this appeal, the Illinois Supreme Court rendered its decision in *Dix Mutual Insurance Co. v. LaFramboise* (1992), 149 Ill. 2d 314. In *Dix*, the tenant negligently caused a fire which damaged the premises in the amount of $40,579. The landlord's insurer paid the landlord for the loss and then filed a subrogation action against the tenant for the fire loss. In *Dix*, the

lease provided that the landlord was not responsible for damage to the tenant's personal property in case of fire. (*Dix*, 149 Ill. 2d at 321.) However, the lease failed to address who bore the responsibility of the leased premises in case of fire.

■ Like the plaintiffs in the instant case, the insurance company in *Dix* contended that the tenant was liable for negligently causing fire damage because the lease did not contain a provision expressly relieving the tenant of liability. The court initially recognized that a tenant is generally liable for fire damage caused to the leased premises by his negligence unless the parties intended to exculpate the tenant from this responsibility. (*Dix*, 149 Ill. 2d at 319.) However, the court held that there is no requirement that there be an express exculpatory provision in the lease to relieve the tenant of this responsibility; rather, the lease should be viewed "as a whole" and the intent of the parties should determine who bears the burden of risk. (*Dix*, 149 Ill. 2d at 320-21.) " '[B]ecause the contingency was not covered by express language, it does not follow that the lease may not, when all of its provisions are considered, show that the parties themselves intended that the lessee should not be liable.' " (Emphasis omitted.) (*Dix*, 149 Ill. 2d at 320, quoting *Cerny-Pickas & Co. v. C.R. Jahn Co.* (1955), 7 Ill. 2d 393, 396.) The lease, when read as a whole, indicated to the court that each party intended to be responsible for his own property. (*Dix*, 149 Ill. 2d at 322.) The court therefore concluded that the parties intended that the tenant not be liable for fire damage to the premises and that the landlord would look solely to the insurance as compensation for any fire damage to the premises. (*Dix*, 149 Ill. 2d at 322.) Consequently, *Dix* held that the insurance company did not have subrogation rights against the tenant.

■ Here, the leases for both locations make *no* express provision regarding liability for fire damage or procurement of insurance by either party. Given the guidelines set forth in *Dix*, we must determine the intent of the parties in the present case by viewing the lease "as a whole." (See *Dix*, 149 Ill. 2d at 320-21.) Similar to the lease in *Dix*, there is a provision in the instant lease which addresses the parties' responsibility for breakage. The breakage provision provides that the "tenants will be charged for all breakage." Absent language in the lease relating to fire insurance (*cf. McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131 (where there was a provision in the lease addressing insurance)) and reading the lease agreement as a whole (see *Dix*, 149 Ill. 2d at 320-21), we find that it was the intent of the parties that the tenant be liable for the losses result-

ing from the tenant's negligence. We therefore hold that the tenant may be liable for fire damage caused by his negligence.

For the reasons expressed above, we reverse the trial court's order granting summary judgment in favor of the defendant, and we remand the cause for further proceedings.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.