No. 2--05--0932          Filed 5/2/06

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | Appeal from the Circuit Court |
| as Subrogee of Porrentruy, L.P.; | ) | of McHenry County. |
| PORRENTRUY, L.P.; GEORGE | ) | |
| BROSSARD, and PATRICIA BROSSARD, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 05--LA--162 |
| | ) | |
| ELDA DUPLESSIS, | ) | Honorable |
| | ) | Michael J. Sullivan, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BOWMAN delivered the opinion of the court:

A house that plaintiffs Porrentruy, L.P., George Brossard, and Patricia Brossard owned and that defendant, Elda DuPlessis, rented caught fire. Plaintiff Cincinnati Insurance Company (Cincinnati) paid the owners for the loss. Plaintiffs then sued defendant, alleging that her negligence caused the fire. The trial court dismissed the complaint, holding that under Dix Mutual Insurance Co. v. LaFramboise, 149 Ill. 2d 314 (1992), defendant was not liable for negligently causing the fire. Plaintiffs appeal, contending that the trial court's reading of Dix was incorrect, and thus its dismissal of the complaint was erroneous. We affirm.

Plaintiffs' complaint alleges the following. Defendant rented from plaintiffs a house in Crystal Lake. The lease was oral, providing only that defendant would reside in the house in exchange for paying rent of $1,500 per month. In October 2003, defendant left burning candles unattended and the candles started a fire. Cincinnati paid the owners $104,283.59 to cover the loss. The owners paid the $500 deductible.

Defendant moved to dismiss the complaint. She argued that, absent a contractual provision to the contrary, where the landlord insures the property, a tenant is not liable for negligently caused fire damage. Applying Dix, the trial court agreed with defendant and dismissed the complaint. Plaintiffs appeal.

Plaintiffs contend that, because of its "unique" facts, Dix creates only a limited exception to the common-law rule that a tenant is liable for his or her negligence in causing a fire at leased premises. Plaintiffs argue that, unlike in Dix, the parties' oral contract contains no provision that can reasonably be interpreted as expressing the parties' intention to immunize defendant from liability for negligently caused fires.

Because we find it controlling, we begin by examining the Dix decision. There, the parties, neither of whom was a "sophisticated real estate mogul," drafted a lease for a house. Dix, 149 Ill. 2d at 317-18. The landlord's subrogee sued the tenant, alleging that he negligently caused a fire at the premises. The supreme court held that the tenant was not liable for his alleged negligence in causing the fire.

The court asserted two rationales for its decision. First, although the lease did not contain a provision expressly apportioning fault in the case of a negligently caused fire, the court construed the lease "as a whole" and concluded:

" 'As a whole,' the lease does not reflect any intent that, during the course of the one-year term, the tenant would be responsible for any fire damage to the realty and be required to pay an additional $40,579 to the landlord. Such a proposition would probably be beyond the wildest dreams of the parties." Dix, 149 Ill. 2d at 321.

Second, the court observed that the plaintiff was the landlord's subrogee. The court reasoned that the landlord paid the premiums for the insurance and, presumably, passed along all or part of the cost to the tenant. Thus, the tenant was in effect a coinsured with the landlord. The court invoked the rule that an insurer may not sue its own insured for subrogation. Dix, 149 Ill. 2d at 322-23.

Plaintiffs argue that Dix is distinguishable because that case involved the interpretation of a written lease while the lease in this case was oral. According to plaintiffs, the Dix court merely interpreted the parties' inartfully drafted document and purported to restrict its holding to the "unique" facts of that case. However, a careful reading of Dix shows that its holding is not so limited.

The Dix opinion sets out the lease in its entirety. We need not do so here, but it is clear that the lease is completely silent on the question of who is to be responsible for losses caused by fire. The court therefore attempted to tease out the parties' intent on this question from the remainder of the document. The court observed that the lease " 'as a whole' " provided "that the tenant wanted shelter for one year for which he promised to pay a modest rent, furnish his own utilities, perform certain services on the farm, and assume the risk for his own personal property. The landlord agreed." Dix, 149 Ill. 2d at 321. The court held that the relatively simple terms of the lease did not reflect an intent that the

tenant would be liable for negligently caused fire damage; indeed, such a "proposition would probably be beyond the wildest dreams of the parties." Dix, 149 Ill. 2d at 321.

The lease here shares much in common with that in Dix: it is a simple contract for shelter in exchange for monthly rent. The mere fact that the parties chose not to reduce their agreement to writing does not suggest that their intentions on such issues as liability for fire damage were radically different from those of the parties in Dix.

We acknowledge that the Dix opinion creates some confusion. The court starts by acknowledging the "general[]" rule that a tenant is liable for negligently caused fire damage unless the parties intended to exculpate the tenant (Dix, 149 Ill. 2d at 319), but proceeds to turn the rule on its head. The decision's clear import is that, unless the parties' contract expressly makes the tenant liable, it will be presumed that the parties did not so intend. This was the culmination of a trend toward tenant nonliability that the court began nearly 40 years earlier in Cerny-Pickas & Co. v. C.R. Jahn Co., 7 Ill. 2d 393 (1955). There, the court held that a standard clause in a commercial lease, requiring the tenant to " 'yield up said premises to Lessor in good condition and repair (loss by fire and ordinary wear excepted)' " meant the parties intended that the tenant would not be responsible for fire damage, even where the tenant negligently caused the fire. Cerny-Pickas, 7 Ill. 2d at 395, 396-97. In Dix, the court extended the rule to a situation where the lease did not contain a yield-up clause and, indeed, had no provision whatsoever concerning fire damage.

Plaintiffs' argument also does not address Dix's second rationale. The Dix court clearly accepted the rationale that, where the landlord purchases insurance, the tenant becomes a coinsured with the landlord and, therefore, the insurer may not sue the tenant

for subrogation. Obviously, whether the lease is oral or written has no effect on the tenant's status as a coinsured and the insurer's ability to seek subrogation from her.

Plaintiffs devote much of their brief to arguing that the trial court incorrectly interpreted Dix as adopting the rationale of Anderson v. Peters, 142 Ill. App. 3d 182 (1986), a Third District case that was later overruled by that court. See Fire Insurance Exchange v. Geekie, 179 Ill. App. 3d 679 (1989). Anderson, relying on an Oklahoma case, Sutton v. Jondahl, 532 P.2d 478 (Okla. App. 1975), adopted the rationale that the tenant becomes a coinsured with the landlord. Anderson, 142 Ill. App. 3d at 185-87. Thus, the trial court was correct in stating that Dix sub silentio adopted Anderson's rationale.

Plaintiffs contend that the coinsured rationale should not apply here because defendant maintained renter's insurance. We note that the purpose of renter's insurance is different from that of casualty insurance or liability insurance. It appears that the tenant in Dix also had renter's insurance. The supreme court found that the only significance of this fact was that each party to the lease agreed to be responsible for his own property. Dix, 149 Ill. 2d at 321. Thus, we reject plaintiffs' contention.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GROMETER, P.J., and O'MALLEY, J., concur.