**Debra DOMRES, Appellee,**

v.

**Richard BACKES, Director, North Dakota Department of Transportation, Appellant.**

**Civ. No. 920037.**

Supreme Court of North Dakota

July 28, 1992.

Gregory B. Gullickson, Attorney General's Office, Bismarck, for appellant; submitted on briefs.

Thomas M. Tuntland, Mandan, for appellee; submitted on briefs.

LEVINE, Justice.

The North Dakota Department of Transportation (Department) appeals from a judgment of the district court reversing the Department's decision to suspend Debra Domres' driving privileges because the Intoxilyzer Test Record and Checklist (test record) was not "properly certified." We reverse the district court judgment and reinstate the order of the Department.

Bismarck Police Officer Steve Kenner arrested Domres for actual physical control of a motor vehicle while under the influence, in violation of NDCC § 39-08-01. At Domres' administrative license suspension hearing, the hearing officer admitted the test record over Domres' objection. Domres claimed that the record was hearsay and that there was "no evidence that [the test record] was received by the [Department] from a certified breath test operator," as required by NDCC § 39-20-05(4).[1] Kenner testified that he was informed that Ellefson waited twenty minutes before administering the Intoxylizer test. Domres hearsay objection was overruled.

The hearing officer suspended Domres' driving privileges for ninety-one days. Domres appealed to the district court, claiming that the test record was not forwarded to the Department by a certified breath test operator and, therefore, did not meet the requirements of NDCC § 39-20-05(4). The district court agreed and reversed, concluding that the test record should not have been admitted because it "was not properly certified either by a chemical test operator or by a keeper of the records in accordance with the North Dakota Rules of Evidence and the statutes applicable to the record." The Department appeals.

On appeal, the Department argues that the test record was properly certified and that the admission of Kenner's hearsay testimony was harmless error because the hearsay information to which Kenner testified was identical to information in the test record which was properly admitted. We agree.

■ The question as to whether the test record was properly certified was answered recently in *Frost v. North Dakota Department of Transportation*, 487 N.W.2d 6 (N.D.1992). In *Frost*, we concluded that NDCC § 39-20-05(4) does not require the certified breath test operator to personally certify and forward a test record. Rather, it only requires the keeper or custodian of the record to certify the correctness of the record, while others may forward the record to the Department on behalf of the certified breath test operator. *Id.* at 9, 10. Under *Frost*, the test record here was properly admitted.

■ Domres also objected to, as hearsay, Kenner's testimony about the breath test

---

1. NDCC § 39-20-05(4) says:

"At a hearing under this section, the regularly kept records of the commissioner may be introduced. Those records establish prima facie their contents without further foundation. For purposes of this chapter, any copy of a certified copy of an analytical report of a blood, urine, or saliva sample received by the commissioner from the office of the state toxicologist or a law enforcement officer, a certified copy of the checklist and test records received by the commissioner from a certified breath test operator, and any copy of a certified copy of a certificate of the office of the state toxicologist relating to approved methods, devices, operators, materials, and checklists used for testing for blood alcohol concentration received by the commissioner from the office of the state toxicologist or the clerk of district court, are regularly kept records of the commissioner."

procedures Ellefson followed. Kenner did not observe Ellefson test Domres. Ellefson did not testify and, therefore, was unavailable for cross-examination. The introduction of allegedly inadmissible evidence in a nonjury case is rarely reversible error. *Tallackson Potato Co., Inc. v. MTK Potato Co.*, 278 N.W.2d 417 (N.D.1979). We will reverse only if sufficient competent evidence does not support the judgment or if the incompetent testimony "induced the court to make an essential finding which otherwise would not have made." *Wastvedt v. State*, 371 N.W.2d 330, 335 (N.D. 1985), *quoting Lithun v. Grand Forks Public School District No. 1*, 307 N.W.2d 545, 550 (N.D.1981). Even though Kenner's testimony may have been hearsay and, therefore, improperly allowed, the test record, which duplicates the information to which Kenner testified, was properly admitted. *Wastvedt, supra.* The test record supports the hearing officer's findings of fact. Therefore, we conclude Domres was not prejudiced by the admission of Kenner's testimony and there was no reversible error.

Accordingly, we reverse the district court judgment and reinstate the Department's decision to suspend Domres' driving privileges for ninety-one days.

ERICKSTAD, C.J., and VANDE WALLE, JOHNSON and MESCHKE, JJ., concur.