[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#113)
On July 23, 1997, the plaintiff, Royal Insurance Company, brought an action in subrogation against the defendants, Edward Saloomey, Sassin Saloomey and SS Dugout Restaurant.[1] The plaintiff seeks reimbursement for payments made by the plaintiff, Royal Insurance Company, to its insureds, John Mackno and Mackno Fuel Oil Company (collectively "Mackno"), for fire damage to the insureds' premises. The defendant, Sassim Saloomey, individually and doing business as SS Dugout Restaurant, hereby moves for summary judgment.
The defendant occupies the premises owned by Mackno and operates a restaurant therein. A fire ignited in the kitchen area of the restaurant and caused extensive damage to that portion of the building. Mackno submitted a claim under its insurance policy with the plaintiff and was paid accordingly. The plaintiff now seeks to recoup that money from the defendant.
The defendant moves for summary judgment on the entire complaint on the ground that the plaintiff is not entitled to file a subrogation action against the defendant. In his supporting memorandum of law, the defendant argues that, because he is a tenant of the insured, he is considered an "implied co-insured" under Mackno's Policy. The plaintiff argues, however, that because there was no written tenancy lease between the defendant and the insured, and no basis upon which to find an inference that the defendant was contemplated as a co-insured, subrogation is appropriate against the defendant. The court does not agree with the plaintiff.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 14462 as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
Unless there is an express agreement to the contrary, a tenant is an "implied co-insured" under the landlord's insurance policy, and the insurance company may not, therefore, bring an action for subrogation against the tenant. See United Fire Casualty Co. v. Bruggeman, 505 N.W.2d 87 (Minn.App. 1993);Community Credit Union of New Rockford, North Dakota v. Homelvig,487 N.W.2d 602 (N.D. 1992). Herein, there is no evidence of any such agreement between the defendant and the insured. The only evidence the plaintiff offers regarding agreements between the defendant and its insured is a statement in its supplemental opposition memorandum recounting that the only agreements between Mackno and the defendant were that the defendant would use Mackno's premises to run his restaurant and would pay Mackno rent for such use.
The plaintiff attempts to rely on Aetna Life Casualty v.Mark, Superior Court, judicial district of Hartford, Docket No. 702459 (July 21, 1993, Hennessey, J.), to support the proposition that, because there is no written lease from which it can be inferred that the lessor was carrying insurance for the benefit of both the lessor and the lessee in the present case, the court should find a right of subrogation in favor of the plaintiff against the defendant.
The plaintiff misconstrues the holding of Aetna Life Casualty v. Mark, supra, Superior Court, Docket No. 702459, as imposing the requirement of a written lease, the provisions of which must create an inference that the lessor is carrying insurance for the mutual benefit of the lessor and lessee or else subrogation is not barred. As was stated in Aetna Life Casualtyv. Mark, supra, "[i]nconsistent with subrogation are lease provisions that place demands on the lessee that create an inference that the lessor is carrying insurance for the mutual CT Page 14463 benefit of the lessor and lessee." (Internal quotation marks omitted.) Id. The court found in that case that within the written lease there was such a provision.
The holding in Aetna Life Casualty v. Mark, supra, however, was based on the rule set forth in 6A J. Appleman, J. Appleman 
S. Liebo, Insurance Law and Practice 4055 (Sup. 1992): "`The modern trend of authority holds that the lessor's insurer cannot obtain subrogation against the lessee, in the absence of an expressagreement or lease provision establishing the lessee's liability, because the lessee is considered a co-insured of the lessor for the purpose of preventing subrogation; the parties are co-insureds because of the reasonable expectation they derive from their privity under the lease, their insurable interests in the property, and the commercial realities under which lessors insure leased premises and pass on the premium cost in rent and under which insurers make reimbursement for fires negligently caused by their insureds' negligence. . . .'" (Emphasis added.) Id. This rule applies regardless of whether the lease agreement or specific provisions thereof are reduced to writing. SeeUnited Fire Casualty Co. v. Bruggeman, supra, 505 N.W.2d 89 (no written lease or contract between the parties and no independent arrangement for provision of insurance coverage);Community Credit Union of New Rockford, North Dakota v.Homelvig, supra, 487 N.W.2d 605 (oral lease agreement).
The court's focus is on the rule that "absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's insurance policy and the insurer may not seek subrogation against the tenant." Community Credit Union ofNew Rockford, North Dakota v. Homelvig, supra, 487 N.W.2d 605. The affidavit of the defendant attests that the defendant "leased the premises . . . from John Mackno," (¶ 2), "never signed a written lease agreement," (¶ 4), and "never consented to be liable to the landlord or its fire insurer for any fire damages to the premises caused by my negligence or the negligence of any of my employees," (¶ 5). The plaintiff offers no evidence in dispute of these statements, and most importantly, offers no evidence tending to prove the existence of an express agreement between Mackno and the defendant, establishing the defendant's liability.
The court, therefore, holds that, because of the absence of an express agreement to the contrary, the defendant is an implied co-insured under Mackno's insurance policy, and the plaintiff's CT Page 14464 subrogation claim is barred. Accordingly, the defendant's motion for summary judgment is granted.
Hennessy, J.