**UNITED FIRE & CASUALTY COMPANY, Appellant,**

v.

**Jerry BRUGGEMAN and Carla Bruggeman, d/b/a Junction Gifts and Craft Supply, Respondents,**

and

**EMPLOYERS MUTUAL CASUALTY CO., Plaintiff,**

v.

**Jerry BRUGGEMAN and Carla Bruggeman, d/b/a Junction Gifts and Craft Supply, Respondents.**

No. C3–93–333.

Court of Appeals of Minnesota.

Aug. 31, 1993.

Review Denied Oct. 19, 1993.

Gordon H. Hansmeier, Michael C. Rajkowski, Donohue Rajkowski Ltd., St. Cloud, for appellant.

Lee F. Haskell, Thomas F. Ascher, Cosgrove, Flynn, Gaskins & O'Connor, Minneapolis, for respondents.

Considered and decided by FORSBERG, P.J. and HUSPENI and SCHULTZ,* JJ.

## OPINION

FORSBERG, Judge.

■ A landlord's insurer brought a subrogation action against negligent tenants who caused fire damages. The trial court determined the tenants were co-insureds under the policy and therefore not amenable to suit. We affirm.

## FACTS

Respondents Jerry and Carla Bruggeman rented space from the Jedneak Brothers Properties in July 1990. There was no written lease or contract between the parties, and no independent arrangement for provision of insurance coverage was discussed. On August 6, 1990, a fire destroyed the property. The Jedneak Brothers were paid $81,-275 by their insurer, appellant United Fire & Casualty Company (United).

United claimed the fire was negligently caused by the Bruggemans, and commenced this subrogation action. Trial was bifurcated, with a jury determining negligence and damages, and the court determining the legal issue of whether a subrogation action may be maintained. The jury found the Bruggemans were negligent and assigned damages in the amount of $37,775. Despite these factual findings prerequisite to a subrogation action, the trial court denied recovery by finding the Bruggemans were co-insureds under the fire policy. United's motion for a new trial was denied, and judgment was entered. United appeals, claiming the trial court erred in finding the Bruggemans were co-insureds.

## ISSUE

Did the trial court err in finding the tenants co-insureds under their landlord's fire insurance policy, and therefore not amenable to a subrogation action?

## ANALYSIS

■ United claims the trial court erred in determining the Bruggemans were co-insureds under its policy covering the Jedneak Brothers' property. This is a case of first impression in Minnesota, but the issue has been considered extensively by a number of other jurisdictions, where there is a clear split in the holdings. We believe the greater wisdom is in the majority position.

The first and leading case to state the majority position is Sutton v. Jondahl, 532 P.2d 478 (Okla.App.1975). As in this case, a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

jury found a tenant had negligently caused a fire. Likewise, as here, there was no expressed agreement between landlord and tenant covering provision of fire insurance. The *Sutton* court determined subrogation was not available to the landlord's insurer. *Id.* at 482.

The *Sutton* court recognized the landlord and the tenant were co-insureds because each had an insurable interest in the property—the landlord a fee interest and the tenant a possessory interest. In *Sutton,* as here, the party with the fee interest purchased fire insurance,

> [a]nd as a matter of sound business practice the premium paid had to be considered in establishing the rent rate on the rental unit. Such premium was chargeable against the rent as an overhead or operating expense. And of course it follows then that the tenant actually paid the premium as part of the monthly rental.

*Id.* This sharing of proprietary interests and the expenses associated with protecting them gives rise to the co-insured relationship.

We believe this is the most efficient way to allocate insurance costs. This is especially true when considering the reality of today's multi-unit rental market. If, as United contends, each tenant is responsible for all damages arising from its negligence in causing a fire and if each tenant was therefore responsible for its own fire insurance, the same property would be insured many times over. While this may provide insurance companies a welcome windfall, it would be contrary to economic logic and common sense.

The minority position on the subject is well illustrated by the case of *Neubauer v. Hostetter,* 485 N.W.2d 87 (Ia.1992). The *Neubauer* court took a close look at the authority on this question and allowed the subrogation action because " 'it satisfies equitable concerns by placing the burden of the loss where it ought to be—on the negligent party.' " *Id.* at 89 (quoting *Fire Ins. Exch. v. Geekie,* 179 Ill.App.3d 679, 128 Ill.Dec. 616, 617, 534 N.E.2d 1061, 1062 (1989)).

This minority position disregards the majority position's reasoning that a co-insured relationship is established because the tenant indirectly pays the insurance premiums. When payment of rent is understood to include insurance premiums, as we believe it does, the minority position fails because insurance is purchased to hold the insured harmless from its negligence. The parties' status as co-insureds renders nugatory the issue of the relative negligence of the separate interest holders.

Also, we are not convinced by the minority position's concern that establishing the co-insured relationship for purposes of subrogation interferes with an insurer's ability to limit its risk.

> The insurer has a right to choose whom it will insure and it did not choose to insure the lessees, and under [*Sutton* ] the lessee could have sued the insurer for loss due to damage to the realty, e.g. loss of use if policy provides such coverage. Cases following *Sutton,* however, have at least impliedly restricted the co-insurance relationship to one limited solely to the purpose of prohibiting subrogation.

*Id.,* 485 N.W.2d at 89 (quoting 6A J. Appleman, *Insurance Law and Practice* § 4055, at 94 n. 86.01 (1991 Supp.)).

The insurer knows the risk it is undertaking when insuring a rental property. It insures the building for the use for which it is intended. While it may not have control over who the individual tenants are, it can increase its premiums to reflect increased risks presented by changing tenant use. Likewise, it can require the landlord to undertake any number of safety and structural precautions. We believe the landlord is the party in the best position to assume such responsibilities, and we reject the minority position on this issue.

Finally, we find no problem with limiting the co-insured relationship to the subrogation context. Landlord and tenant have separate insurable risks for loss of use in the event of a fire. The landlord's risk is directly related to the insured structure, that is, loss of rents. The tenant's loss of use involves the activity carried on within the structure. The tenant's loss arises from the use, not the structure. The shared insurable interests between landlord and tenant are limited to the structure, which is the subject of the fire policy. Risks

such as loss of use are therefore properly dealt with in separate insurance contracts.

United also claims several evidentiary errors led to an insufficient award of damages. Since we affirm the trial court's dismissal of the subrogation action, we need not reach this issue.

### DECISION

The Bruggemans were co-insureds under the Jedneak Brothers' fire insurance policy, and therefore are not subject to subrogation by United. The judgment of the trial court is affirmed.

**Affirmed.**