Dorothy BLOHM, Appellant, Respondent,

American Legion Post # 89,
et al., Plaintiffs,

v.

Marvin JOHNSON, individually and d/b/a
Johnson Plumbing and Heating,
Respondent, Defendant,

Diana Roscoe, et al., Defendants,

Diana Roscoe, Appellant,

Red Devil Paints and Chemicals,
etc., Respondent.

Nos. C2–94–916, C4–94–1341.

Court of Appeals of Minnesota.

Oct. 25, 1994.

Kevin J. Kennedy, Hanson, Lulic & Krall, Minneapolis, Charles K. Frundt, Frundt, Johnson & Roverud, Blue Earth, for Roger and Gloria Moore and Steven Thoreson.

John R. Rodenberg, Berens, Rodenberg & O'Connor, New Ulm, for North Star Mut. Ins. Co.

Steven P. Rolfsrud, Blethen, Gage & Krause, Mankato, for Hazel Katzung.

Douglas L. Richards, Spencer, Johnson & Richards, Blue Earth, for Jerome Hanke.

Thomas S. McEachron, Mahoney, Dougherty & Mahoney, Minneapolis, for Marvin Johnson.

Paul Stoneberg, Christianson, Stoneberg, Giles & Myers, Marshall, for Diana Roscoe.

Craig A. Wible, Woodbury, for Red Devil Paints and Chemicals, etc.

# 15

Considered and decided by NORTON, P.J., and SCHUMACHER and THOREEN, JJ.

## OPINION

JOHN F. THOREEN, Judge.*

Dorothy Blohm sued Marvin Johnson, a renter, for fire damage to her property; Diana Roscoe and others were also sued. The jury found Johnson, Roscoe and the others negligent, and also found that Johnson and Roscoe were engaged in a joint enterprise. The parties stipulated as to damages. The trial court dismissed Blohm's subrogation claim against tenant Johnson, relying on *United Fire & Casualty Co. v. Bruggeman,* 505 N.W.2d 87 (Minn.App.1993), *pet. for rev. denied* (Minn. Oct. 19, 1993).

Blohm and Roscoe filed separate appeals from the trial court's judgment entered April 19, 1994. Blohm argues *Bruggeman* should not be applied retroactively to relieve the tenant, and that Johnson remains liable for Blohm's subrogated claim under the joint enterprise doctrine. Roscoe argues *Bruggeman* should also protect her from Blohm's subrogation claim, or alternatively, that Blohm's subrogation claim should be reduced by the comparative fault attributable to Johnson. We affirm.

## FACTS

On March 12, 1989, a fire damaged a building in Blue Earth, owned by Blohm. Blohm rented the main floor and a portion of the basement to Johnson for use as a plumbing business.

On the day of the fire, Johnson and Roscoe were in the plumbing shop staining doors from Roscoe's home. They placed rags and towels soaked with stain, pipe cleaner and paint thinner in a cardboard drum. Sometime after they left, a fire was discovered in the building.

Blohm and the other named plaintiffs who suffered damage in the fire sued Johnson, Roscoe, Red Devil Paints and Oatey Compa-

ny, the manufacturers of the stain and the pipe cleaner. The plaintiffs settled with Oatey Company before trial.

The trial court bifurcated the trial and tried the liability issues first. The trial began on August 3, 1993, and a special verdict was returned on August 13, 1993, finding Johnson, Roscoe and Red Devil liable for the fire damage.

On August 31, 1993, this court released *United Fire & Casualty Co. v. Bruggeman,* 505 N.W.2d 87 (Minn.App.1993), *pet. for rev. denied* (Minn. Oct. 19, 1993). *Bruggeman* held that for purposes of subrogation, in the absence of an express agreement to the contrary, a tenant is a coinsured of the landlord, and the landlord's insurer may not bring an action against a tenant to recover amounts paid to a landlord for fire damage caused by the tenant's negligence. *Id.* at 89.

On November 2, 1993, relying on *Bruggeman,* Johnson served a motion for dismissal of the subrogation claim of Blohm's insurer, or in the alternative, for summary judgment. On November 8, 1993, all parties stipulated to damages, and separated Blohm's $4,545 uninsured claim from the $55,000 subrogation claim of Blohm's insurer.

On November 16, 1993, the trial court heard both Johnson's motion and a motion by Roscoe to dismiss the subrogation claim as to her. By order dated December 23, 1993, the court granted both motions, dismissing the subrogation claims, but allowing entry of the judgment for Blohm's uninsured loss claim. On February 24, 1994, the court vacated its order of December 23, 1993, with respect to Roscoe, thereby reinstating the subrogation claim against Roscoe. The court issued its findings of fact, conclusions of law, and order for judgment on April 19, 1994. The court ruled that Blohm was entitled to judgment against each defendant for her uninsured loss of $4,545, but that only Roscoe and Red Devil were liable for the subrogation claim of Blohm's insurer. Judgment was entered April 19, 1994.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

Blohm and Roscoe filed separate appeals that were consolidated for hearing by this court.

## ISSUES

1. Did the trial court err in granting Johnson's motion to dismiss the subrogation claim of Blohm's insurer?

2. Did the trial court err in granting judgment against Roscoe on the subrogation claim?

3. Should the subrogation claim of Blohm's insurer be reduced by the comparative fault attributable to Johnson?

## ANALYSIS

1. Blohm argues the trial court erred in ordering summary judgment for Johnson on the subrogation claim. On an appeal from summary judgment, this court must determine: "(1) whether there are any genuine issues of material fact, and (2) whether the lower court[ ] erred in [its] application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). "[T]he reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

■ Blohm claims the trial court erred in relying on the *Bruggeman* decision because the case is distinguishable on its facts. Blohm argues *Bruggeman* held that tenants are coinsureds under a landlord's fire insurance policy only where the parties have a verbal lease and no independent arrangement for insurance coverage. *See Bruggeman*, 505 N.W.2d at 88. Here, Blohm and Johnson had a written lease, which obligated Johnson, as tenant, to "carry his own liability and other insurance coverage for his business operations." Blohm argues this makes *Bruggeman* inapplicable to the case at bar.[1]

We disagree. The holding of *Bruggeman* was not so limited. Rather, *Bruggeman* applies to any landlord/tenant situation where there is no express agreement covering the provision of fire insurance for the building.

*Bruggeman*, 505 N.W.2d at 89. The lease agreement here required Johnson to maintain insurance for his business operations but not fire insurance for the building.

■ Blohm also claims that the trial court erred by applying *Bruggeman* retroactively. *Bruggeman* was not applied retroactively here, as the subrogation aspects of this case had not been adjudicated when *Bruggeman* was released. *Bruggeman* was released after the liability trial was complete, but before the issue of subrogation had been resolved. Where issues of liability and damages are bifurcated for trial, a determination of liability alone is only a partial adjudication and not a final judgment as to issues not adjudicated. *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 245–46 (Minn.1982).

■ Finally, Blohm argues that even if *Bruggeman* were applicable, Johnson is still liable for the subrogation claim under the joint enterprise doctrine. The jury found that Johnson and Roscoe were engaged in a joint enterprise during the door-staining project. Blohm argues that when one of the participants (Roscoe) in a joint enterprise is negligent, the other participant (Johnson) is also liable. *See Peterson v. Fortier*, 406 N.W.2d 563, 565 (Minn.App.1987) (citing *Spannaus v. Otolaryngology Clinic*, 308 Minn. 334, 339, 242 N.W.2d 594, 597 (1976)), *pet. for rev. denied* (Minn. July 31, 1987).

We disagree. Johnson is not liable under the joint enterprise doctrine because he was a coinsured of Blohm's pursuant to *Bruggeman*. A finding of liability under this theory would be analogous to holding a landlord liable if the landlord had been involved in a joint enterprise. If the insurer cannot proceed against its own insured (the landlord), it cannot pursue a subrogation claim against the coinsured tenant.

■ 2. Next we address Roscoe's claim. She claims the trial court erred by granting Blohm's insurer judgment against her. The jury determined that Johnson and Roscoe were engaged in a joint enterprise. Each

---

1. Johnson argues there was no written lease in effect at the time of the fire. We need not address this claim, though, since the result would be the same: the parties did not have an oral or written agreement covering who should provide fire insurance for the building.

member of a joint enterprise is an agent of the other members, and the acts of one member within the scope of the enterprise are the acts of all. *Ruth v. Hutchinson Gas Co.*, 209 Minn. 248, 259, 296 N.W. 136, 141 (1941). The negligence of one is attributable to all. *Id.* at 259, 296 N.W. at 142. "In general, parties whose negligence concurs to cause an injury are jointly and severally liable for the plaintiff's total award." *Fiedler v. Spoelhof,* 483 N.W.2d 486, 489 (Minn.App.1992) (citing *Maday v. Yellow Taxi Co.*, 311 N.W.2d 849, 850 (Minn.1981)), *pet. for rev. denied* (Minn. June 10, 1992).

> Once the individual liability of each defendant has been established, all defendants liable to compensate the plaintiff for an indivisible injury are jointly liable and * * * each remains jointly and severally liable for the entire award.

*Ruberg v. Skelly Oil Co.*, 297 N.W.2d 746, 752 (Minn.1980).

Roscoe argues that *Bruggeman* should be extended to prevent insurers from pursuing subrogation claims against agents of a negligent tenant. Roscoe fails to recognize that Johnson is likewise an agent of Roscoe. Roscoe was not a tenant, did not assist in paying Johnson's rent, and was not employed by Johnson. Extending the protection of *Bruggeman* to Roscoe is contrary to the rationale of *Bruggeman,* which is that, absent an agreement to the contrary, the landlord's costs for fire insurance are reflected in the rent paid by the tenant. *Bruggeman,* 505 N.W.2d at 89.

3. Roscoe also argues that the subrogation claim of Blohm's insurer should be reduced by the comparative fault attributable to Johnson. Since an insurer may only pursue those rights that an insured may have against a third party, and Johnson is a coinsured pursuant to *Bruggeman,* Blohm's insurer is limited to those rights possessed by Johnson. Since Johnson is not liable for the subrogation claim, Johnson has no right of contribution against Roscoe. Therefore, Roscoe asserts that Blohm's insurer likewise cannot recover from Roscoe to the extent of the comparative fault attributable to Johnson.

As this issue was never raised in the trial court, we cannot consider it. *See Aesoph v. Golden,* 367 N.W.2d 639, 643 (Minn.App. 1985) ("Issues not raised below cannot be considered for the first time on appeal.").

### DECISION

The trial court correctly held that Johnson was not liable for the subrogation claim of Blohm's insurer and further, that Roscoe was liable for the subrogation claim of Blohm's insurer. As the comparative fault issue was not properly before us, we do not consider it on the merits.

**Affirmed.**