Randy L. OSBORNE, et al., Respondents,

v.

Richard CHAPMAN, Appellant.

No. C0–96–2216.

Court of Appeals of Minnesota.

April 8, 1997.

Review Granted June 11, 1997.

Todd W. Foss, Stefanson, Plambeck & Foss, Moorhead, for Respondents.

Thomas F. Ascher, Cosgrove, Flynn & Gaskins, P.L.L.P., for Appellant.

Considered and decided by LANSING, P.J., and CRIPPEN and FOLEY *, JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant Richard Chapman challenges a district court's entry of judgment in favor of respondent Randy Osborne on Osborne's negligence claim. Chapman argues the district court erred in (1) concluding Osborne's claim against him for lost rent was not barred and (2) awarding Osborne the expenses he incurred in pursuing his insurance claim. We reverse.

## FACTS

Randy Osborne began renting a home to Richard Chapman and his wife in June or July 1992. During Chapman's tenancy, on November 15, 1992, a fire occurred, which damaged the home. Chapman admitted his negligence caused the fire.

Osborne had a homeowner's insurance policy with MSI Insurance Company (MSI), which insured the house and his personal property. After the fire, Osborne attempted to collect insurance benefits from MSI for the damage caused by the fire. Because MSI resisted Osborne's claim, he retained counsel to assist him in his negotiations with MSI. Eventually, MSI settled Osborne's property damage claim, but denied Osborne's lost rent claim because, according to MSI, it was not covered pursuant to the definition of the "residence premises."

Osborne had brought an action against Chapman, Chapman's wife, MSI, and Fred Dickleman, Osborne's MSI insurance agent. After MSI and Osborne settled, pursuant to a *Pierringer* release, the claims against Dickleman for negligent misrepresentation and MSI for failure to settle in a timely manner were dismissed. Osborne also voluntarily dismissed his claim against Chapman's wife.

A one-day bench trial was conducted, after which the district court entered judgment in favor of Osborne. The district court concluded that Chapman was liable to Osborne for the expenses Osborne reasonably incurred in pursuing his insurance claim with MSI. The court also found Chapman liable for Osborne's loss of rent. Chapman then moved for a new trial or, in the alternative, judgment notwithstanding the verdict. After

Chapman's motion was denied, Chapman appealed.

## ISSUES

1. Did the district court err in concluding Osborne was not barred from seeking lost rent from Chapman?

2. Did the district court err in concluding Chapman was liable for the expenses Osborne incurred in pursuing his insurance claim?

## ANALYSIS

■ Ordinarily, the decision to grant a new trial lies "within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion." *Halla Nursery, Inc. v. Baumann–Furrie & Co.*, 454 N.W.2d 905, 910 (Minn.1990) (citation omitted). Where the trial court exercised no discretion, but instead based its order on an interpretation of law, however, a de novo standard of review applies. *Id.* Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01.

### I.

■ Relying on this court's decision in *United Fire & Cas. Co. v. Bruggeman*, 505 N.W.2d 87 (Minn.App.1993), Chapman argues that he, like Osborne, is an insured of MSI. As such, Osborne's homeowners insurance policy, which included loss of use coverage, covered the rent Osborne lost due to the fire. Therefore, when Osborne settled with MSI, the amount he settled for included his loss of use claim, and Osborne is now barred from pursuing Chapman for those damages.

In *Bruggeman*, this court adopted the position that a tenant is a co-insured with his or her landlord and, therefore, immune from a subrogation action brought by the landlord's insurer. *Id.* at 89. In so holding, we stated:

[A]s a matter of sound business practice the premium paid had to be considered in establishing the rent rate on the rental

unit. Such premium was chargeable against the rent as an overhead or operating expense. And of course it follows then that the tenant actually paid the premium as part of the monthly rental.

*Id.* (quoting *Sutton v. Jondahl*, 532 P.2d 478, 482 (Okla.App.1975)). "This sharing of proprietary interests and the expenses associated with them gives rise to the co-insured relationship." *Id.*

■ In *Bruggeman*, we limited the status of a tenant as a co-insured to the subrogation context. *Id.* We believe the rationale of *Bruggeman* warrants an extension of the co-insured status of a tenant beyond the subrogation context. If a tenant is directly or indirectly paying the insurance premium, he or she is entitled to the protection afforded by the insurance policy. Accordingly, we hold, in the absence of an express agreement between the landlord and the tenant regarding the provision of insurance coverage, a tenant is a co-insured with the landlord for the purpose of shielding the tenant from liability for insured losses.

Osborne contends that even if the co-insured relationship established by *Bruggeman* is extended, Chapman is still liable for the loss of rent because such a claim was not covered by his insurance policy. But Osborne's argument rests on the premise that he sued Chapman for an uninsured loss, and we conclude the loss is insured. As a result, the circumstances of this case do not require that we address the question of whether *Bruggeman* would protect a tenant from a landlord's suit on a loss that the landlord failed to insure.

■ Whether Osborne's insurance policy provided coverage for the loss of rent is a question for us to determine. *See State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn.1992) (insurance coverage issues are questions of law).

The homeowners insurance policy provided:

COVERAGE D—Loss of Use

The limit of liability for Coverage D is the total limit for all the coverages that follow.

1. If a loss covered under this Section makes that part of the "residence prem-ises" where you reside not fit to live in, we cover, at your choice, either of the following. However, if the "residence premises" is not your principal place of residence, we will not provide the option under paragraph b. below.

* * * *

b. Fair Rental Value, meaning the fair rental value of that part of the "residence premises" where you reside less any expenses that do not continue while the premises are not fit to live in.

* * * *

2. If a loss covered under this Section makes that part of the "residence premises" rented to others or held for rental by you not fit to live in, we cover the:

Fair Rental Value, meaning the fair rental value of that part of the "residence premises" rented to others or held for rental by you less any expenses that do not continue while the premises is not fit to live in.

"Residence premises" is defined by the policy as the "one family dwelling, other structures, and grounds * * * where you reside and which is shown as the 'residence premises' in the Declarations." The coverage limit for Coverage D under the policy was $49,900.

Based on the above quoted language, the insurance policy provides Osborne and Chapman, as co-insureds, with coverage for the loss of rent. The home owned by Osborne and rented to Chapman was the home shown as the "residence premises" in the Declarations. Further, Chapman resided in the home and the claim for lost rent was within the policy limit of $49,900.

The fact this policy provided coverage for the loss of rent is also evident from the settlement between Osborne and MSI. Osborne claims that his insurance policy only covered property damage and, because of the definition of "residence premises," the loss of rent was not covered. Because the loss of rent was not covered by his policy, Osborne argues, he is entitled to recover it, as an uninsured loss, from Chapman. The problem with Osborne's argument is that the definition of "residence premises" applied to

both property damage claims and loss of rent claims. It would be impossible for the same definition to provide coverage for one claim but not another.

Osborne's insurance policy covered his loss of rent. If he settled with MSI for less than he was entitled to receive that is a loss which he must live with; he cannot attempt to recover it from Chapman. Accordingly, the district court erred in concluding that Osborne was not barred from pursuing an action against Chapman for his loss of rent.

## II.

It is a basic rule of tort law that a tortfeasor is liable for all the damages legally caused by his or her tort. *Prior Lake State Bank v. Groth*, 259 Minn. 495, 499, 108 N.W.2d 619, 622 (1961). As such, though expenses, including attorney fees, are generally not included in the measure of recoverable damages for negligence, there is an exception that allows such expenses to be recovered. *Hill v. Okay Const. Co.*, 312 Minn. 324, 347, 252 N.W.2d 107, 121 (1977). The exception is:

> [W]here the wrongful act of the defendant thrusts the plaintiff into litigation with a third person, the plaintiff may recover from the defendant the expenses incurred in conducting the litigation against the third party, including attorneys' fees.

*Mattson v. Underwriters at Lloyds of London*, 385 N.W.2d 854, 859 (Minn.App.1986), *review denied* (Minn. June 19, 1986) (citation omitted).

In awarding Osborne the expenses he incurred in pursuing his insurance claim, the district court relied on *Groth*. In that case, an audit revealed shortages in Prior Lake State Bank's funds that were due to Groth's misappropriation of funds. *Groth*, 259 Minn. at 496, 108 N.W.2d at 620. The bank brought an action against Groth for the expenses it incurred in pursuing a claim against a surety company after the surety company denied liability for the losses. *Id.* In holding the bank was "entitled to recover the reasonable value of the expenses necessary for the prosecution of the prior action," the court stated:

> It is well settled that a person injured by the tortious conduct of another is entitled to recover from the other damages for all harm, past, present, and prospective, legally caused by the tort. Likewise, where the natural and proximate consequence of a person's tortious act projects another into litigation with a third person, attorneys' fees and expenses reasonably incurred by the injured party in such litigation may be recovered from the one guilty of the tortious conduct.

*Id.* at 499, 108 N.W.2d at 622 (citations omitted).

The district court's reliance on *Groth* under the facts of this case is inappropriate for two reasons. First, the tortfeasor in *Groth* committed an intentional tort while the tortfeasor here, Chapman, was only negligent. We find this difference compelling.

Second, while the actions of the tortfeasor in *Groth* may have projected the plaintiff into litigation with a third person, we determine, as a matter of law, that Chapman's negligence did not thrust Osborne into taking legal action against MSI. In *Mattson*, this court affirmed a district court's denial of attorney fees, stating, "The wrongful act was [the insurer's] bad faith refusal to settle on [the tortfeasor's] behalf." *Mattson*, 385 N.W.2d at 859. Here, the expenses Osborne incurred in pursuing his insurance claim were incurred because MSI refused to pay claims that, as we previously determined, were covered by the insurance policy. Thus, it was MSI's breach of its insurance contract with Osborne that caused his expenses, not Chapman's negligence. Accordingly, the district court erred in awarding Osborne the expenses he incurred in pursuing his insurance claim against MSI.

## DECISION

The district court erred in concluding Osborne was not barred from recovering his lost rent from Chapman. The court also erred in concluding Osborne was entitled to recover from Chapman the expenses he incurred in pursuing his insurance claim against MSI.

**Reversed.**

LANSING, Judge (dissenting).

I respectfully dissent from the majority's holding Chapman as a tenant co-insured under Osborne's homeowner's insurance policy for loss of use coverage. Property damage is an insurable interest separate from loss of rents, and I would affirm the district court's decision on that issue. *See United Fire & Cas. Co. v. Bruggeman*, 505 N.W.2d 87, 89–90 (Minn.App.1993) (extending co-insurance theory to property damage, but suggesting that it would not apply to lost rents), *review denied* (Minn. Oct. 19, 1993).