The ST. PAUL COMPANIES,
Appellant,

v.

Holly VAN BEEK, Respondent.

No. C6–99–1764.

Court of Appeals of Minnesota.

April 18, 2000.

Review Denied June 27, 2000.*

Steven L. Theesfeld, Yost & Baill, LLP, Minneapolis, MN (for appellant).

Hal A. Shillingstad, Cory A. Kallheim, Flynn & Gaskins, LLP, Minneapolis, MN (for respondent).

Considered and decided by WILLIS, Presiding Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge.

This is an appeal from the district court's summary judgment in favor of respondent. Respondent negligently started a fire while in the course of her employment and appellant insurer covered the loss to the building in accordance with the fire insurance policy it had issued to respondent's employer's landlord. The district court found that appellant's subrogation claim was barred by this court's decision in *United Fire & Cas. Co. v. Bruggeman*, 505 N.W.2d 87 (Minn.App. 1993), *review denied* (Minn. Oct. 19, 1993). Appellant contends that *Bruggeman* does not apply to this case. We affirm.

## FACTS

Respondent Holly Van Beek (Van Beek) was employed by Paragon Electronics, Inc. (Paragon) as a messenger and bookkeeper. Paragon leased office and retail space at the Avalon Mall in White Bear Lake, Minnesota. Appellant The St. Paul Companies (St.Paul) provided fire insurance to the mall's owner.

On the morning of November 22, 1994, Van Beek stopped by the Paragon office to pick up some tools to be delivered to an-

* STRINGER, J., took no part in the consider- ation or decision of this case.

other location. Van Beek emptied the ashtray from her vehicle into a wastebasket located under a workbench at the rear of the store. She then left the building to make the delivery. Another Paragon employee arrived at the store approximately one-half hour after Van Beek had left and discovered a fire. The White Bear Lake Fire Department extinguished the fire and concluded that the fire started in the wastebasket in the rear of the store.

St. Paul covered the loss and paid out $100,639.21 for damages resulting from the fire. St. Paul filed a subrogation lawsuit against Van Beek alleging that she is personally liable for the property damages caused by the fire. Van Beek moved for summary judgment. The district court granted Van Beek's motion and dismissed St. Paul's claims with prejudice. The district court reasoned that our decision in *United Fire & Cas. Co. v. Bruggeman,* 505 N.W.2d 87 (Minn.App.1993), *review denied* (Minn. Oct. 9, 1993), barred St. Paul's subrogation claim. St. Paul appeals from the district court's grant of summary judgment to Van Beek and the dismissal of its claim.

## ISSUE

Did the district court err in granting respondent's motion for summary judgment and dismissing appellant's claim?

## ANALYSIS

On appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The parties agree that there are no material facts in dispute. Therefore, the only question is whether the district court erred in its application of the law. *Id.* A reviewing court need not defer to the district court's application of the law when the material facts are not in dispute.

*Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

■ Under general principles of insurance law, an insurer cannot subrogate against its own insured. *See United States Fire Ins. Co. v. Ammala,* 334 N.W.2d 631, 634 (Minn.1983). This court has extended that general principle to prohibit an insurer from subrogating against its insured's tenant who negligently starts a fire absent a written agreement requiring the tenant to carry its own fire insurance. *United Fire & Cas. Co. v. Bruggeman,* 505 N.W.2d 87 (Minn.App. 1993), *review denied* (Minn. Oct. 19, 1993). In *Bruggeman,* the owners of a gift and craft supply business were found to have negligently caused a fire. *Id.* at 88. We held that they were co-insureds under the landlord's fire policy because both parties "had an insurable interest in the property — the landlord a fee interest and the tenant a possessory interest." *Id.* at 89.

■ The district court found that *Bruggeman* applied to this case. It found that because Van Beek was acting within the scope of her employment, a finding St. Paul does not contest, her actions were imputed to Paragon. Since Paragon was the insured's tenant, the district court reasoned that both Paragon and Van Beek were immune from subrogation. *See id.* (holding tenants are coinsureds with landlords and, therefore, are not subject to subrogation action).

St. Paul challenges the district court's application of *Bruggeman* to this case. It contends that even if *Bruggeman* did make Paragon immune from subrogation, it does not provide protection to Paragon's employees. Although St. Paul is correct in its assertion that *Bruggeman* has not been explicitly extended to cover a tenant's employees, we hold in this case that it does.

■ In *Blohm v. Johnson,* 523 N.W.2d 14, 17 (Minn.App.1994), this court refused to extend *Bruggeman* to negligent third parties engaged in a joint enterprise with the insured's tenant. *Id.* But the court

implied that *Bruggeman* would provide protection to the insured's tenant's employees. *Id.*

Roscoe argues that *Bruggeman* should be extended to prevent insurers from pursuing subrogation claims against agents of a negligent tenant. Roscoe fails to recognize that Johnson is likewise an agent of Roscoe. Roscoe was not a tenant, did not assist in paying Johnson's rent, and *was not employed by Johnson.*

*Id.* (emphasis added). We recognize that the language quoted above is dicta and not the holding of *Blohm.* But we agree with the implication and expressly hold in this case that the rule set forth in *Bruggeman* prevents a landlord's fire insurer from bringing a subrogation action against a tenant's employee who negligently starts a fire.

Our extension of *Bruggeman* to cover the negligent acts of a tenant's employees coincides with the policy rationale of *Bruggeman* and the underlying general principles of law. The policy behind the *Bruggeman* decision is clearly articulated within the opinion itself.

The insurer knows the risk it is undertaking when insuring a rental property. It insures the building for the use for which it is intended. While it may not have control over who the individual tenants are, it can increase its premiums to reflect increased risks presented by changing tenant use.

*Bruggeman,* 505 N.W.2d at 89. In the instant case, St. Paul knew it was insuring a commercial structure. Although it did not have the ability to pick the tenants, it knew that commercial tenants would lease the building and it was in a position to adjust its premiums to cover its risk. Additionally, because Paragon was a corporation, it was only able to act through its employees and agents. *See Thomas Oil, Inc. v. Onsgaard,* 298 Minn. 465, 469, 215 N.W.2d 793, 796 (1974) (recognizing "that a corporation can act only through its agents and employees and the acts of negligent employees are actually and substan-

tially the acts of the corporation"). The acts of Paragon's employees that were within the scope of employment were the acts of Paragon. Because Van Beek's negligent act was within the scope of her employment, her negligence is Paragon's negligence.

If St. Paul were permitted to circumvent *Bruggeman* by suing Van Beek individually, the purpose and policy behind the *Bruggeman* decision would be defeated. We hold that the district court did not err in its application of the law by finding that our decision in *Bruggeman* barred St. Paul's subrogation claim against Van Beek.

St. Paul also contends that *Osborne v. Chapman,* 574 N.W.2d 64 (Minn.1998), supports its assertion that *Bruggeman* is not controlling in this case. We find *Osborne* inapposite to this case. *Osborne* involves a direct claim by the landlord against a tenant and not a subrogation claim brought by an insurer. *Id.* at 65. In the instant case, St. Paul has paid a claim under the fire policy issued to the Avalon Mall and is seeking to subrogate against Van Beek. This is the factual scenario decided by *Bruggeman.* The only difference between the instant case and *Bruggeman* is that the negligent actor was an employee of the tenant instead of an owner of the tenant. *See Bruggeman,* 505 N.W.2d at 87 (indicating that the Bruggemans were sued in their capacity as business owners). This distinction is insignificant in this case, and we refuse to depart from our holding in *Bruggeman.*

## DECISION

Because we hold that our decision in *Bruggeman* prevents an insurer from maintaining a subrogation action against its insured's tenant's employee, we affirm the district court's grant of summary judgment in favor of Van Beek and its dismissal of St. Paul's claims.

**Affirmed.**