[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff Michael DiLullo entered into a written lease with the defendant on November 28, 1995, for the premises. Subsequent to the expiration of the written lease on December 1, 1996, the defendant rented the premises on a month to month basis. On March 24, 1998, a fire occurred in that portion of the premises leased and occupied by the CT Page 5602 defendant. The parties agree that the original written lease between the parties was not in effect at the time of the loss. The plaintiffs, Michael and Fioretta DiLullo and Public Service Mutual Insurance Company, originally brought a single count complaint sounding in negligence against the defendant alleging that the fire of March 24, 1998, was caused by a heating iron owned and operated by the defendant. The defendant's original motion for summary judgment was continued by order of the court (DiPentima, J.) dated July 26, 2000, pending discovery requested by the plaintiffs. The plaintiffs then filed a two count revised complaint dated November 29, 2000. The first count pleads in negligence as to the defendant. The second count pleads that the defendant is liable to the DiLullos' insurer, the Public Service Mutual Insurance Co. ("Public Service") under the doctrine of subrogation for property damage payments made to Public Service's insureds, the DiLullo's. The defendant's motion for summary judgment before the court is addressed to the subrogation count.
The defendant moves for summary judgment on the ground that the plaintiff is not entitled to file a subrogation action against the defendant. In his supporting memorandum of law, the defendant argues that, because he is a tenant of the insureds, he is considered an "implied co-insured" under the DiLullos' Policy. The plaintiffs argue, however, that "the defendant did not expect that the plaintiffs' insurance policy would cover him . . . that the defendant did not even consider what his liability would be if his negligence damaged the plaintiffs' property . . . and that the parties did not intend to be co-insureds." The court does not agree with the plaintiffs.
STANDARD FOR SUMMARY JUDGMENT
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999); Rivera v. Double A. Transportation, Inc., 248 Conn. 21, 24
(1999); A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster ElectronicCT Page 5603Co., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appleton v. Board of Education,254 Conn. 205, 209 (2000).
DISCUSSION
Unless there is an express agreement to the contrary, a tenant is an "implied coinsured" under the landlord's insurance policy, and the insurance company may not, therefore, bring an action for subrogation against the tenant. See United Fire Casualty Co. v. Bruggeman,505 N.W.2d 87 (Minn.App. 1993); Community Credit Union of New Rockford,North Dakota v. Homelvig, 487 N.W.2d 602 (N.D. 1992). Herein, there is no evidence of any such agreement between the defendant and the insured. The only evidence the plaintiffs offer regarding any agreements between the defendant and its insured are certain statements from the defendant's deposition of September 13, 2000, which do not, as reviewed by the court, express an agreement that the defendant was not a co-insured.
The plaintiffs argue that the court should adopt a case by case approach analysis to the question presented here because there is no evidence that the parties intended to be co-insureds. The question, however, is not whether the parties intended to be co-insureds but whether the parties had an express agreement establishing the defendant's liability. Royal Ins. Co. v. Saloomey, Superior Court, judicial district of Hartford, Docket No. 572377 (Nov. 3, 1999, Hennessey, J.) (25 Conn. L. Rptr. 661);Malerba v. Smith, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064749 (Sept. 12, 2000, Nadeau,J.) (28 Conn.L.Rptr. 39); Great American Ins. Co. v. Cahill, Superior Court, judicial district of New Haven, Docket No. 372249 (June 24, 1997,Sullivan, J.) (20 Conn.L.Rptr. 79).
"The modern trend of authority holds that the lessor's insurer cannot obtain subrogation against the lessee, in the absence of an expressagreement or lease provision establishing the lessee's liability, because the lessee is considered a co-insured of the lessor for the purpose of preventing subrogation; the parties are co-insureds because of the reasonable expectation they derive from their privity under the lease, their insurable interests in the property, and the commercial realities under which lessors insure leased premises . . ." (Emphasis added.) Id. This rule applies regardless of whether the lease agreement or specific provisions thereof are reduced to writing. See United Fire Casualty Co.v. Bruggeman, supra, 505 N.W.2d 89 (no written lease or contract between the parties and no independent arrangement for provision of insurance coverage); Community Credit Union of New Rockford, North Dakota v.Homelvig, supra, 487 N.W.2d 605 (oral lease agreement)." Royal Ins. Co.CT Page 5604v. Saloomey, supra, 25 Conn.L.Rptr. 662, 6 A J. Appleman, J. Appleman 
S. Liebo, Insurance Law and Practice 4055 (Sup. 1992):
The canonical rule as set out in the above cases is that absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's insurance policy and the insurer may not seek subrogation against the tenant. The affidavit of the defendant attests that the defendant "entered into a written lease with Michael DiLullo . . ., (Aff. of Michael Joseph #2), and "had no agreement with DiLullo . . . [to] insure the property for fire or other casualty. . . ." (Aff. of Michael Joseph # 6). The plaintiffs offer no evidence tending to prove the existence of an express agreement between the DiLullos and the defendant thus establishing the defendant's liability.
The court, therefore, holds that, because of the absence of an express agreement to the contrary, the defendant is an implied co-insured under DiLullos' insurance policy, and the plaintiffs' subrogation claim is barred. Accordingly, the defendant's motion for summary judgment as to the second count of the revised complaint is granted.
Cremins, J.