**STATE AUTO INSURANCE
COMPANY, Appellant,**

v.

**Jeron KNUTTILA, Respondents,**

and

**Brian Knuttila, Respondent.**

No. C4–01–2087.

Court of Appeals of Minnesota.

May 28, 2002.

Steven L. Theesfeld, Yost & Baill, LLP,
Minneapolis, for appellant.

Brian R. McCarthy, McCarthy Law Firm, Duluth, for respondent Brian Knuttila.

Robert D. Tiffany, Wallace & Tiffany, Park Rapids, for respondent Jeron Knuttila.

Considered and decided by LANSING, Presiding Judge, RANDALL, Judge, and PORITSKY, Judge.*

## OPINION

R.A. RANDALL, Judge.

Appellant State Auto Insurance Company sought to recover damages from respondents Jeron Knuttila and Brian Knuttila in a subrogation action for a fire that damaged the insured landlord's house. The district court granted summary judgment to respondents, concluding that the subrogation action was barred under the Bruggeman doctrine. State Auto contends that *Bruggeman* does not apply because the Knuttilas never achieved co-insured status. We affirm.

## FACTS

Jeron Knuttila served as a live-in caretaker for property owned by appellant's insured. Knuttila's duties included performing normal maintenance on the property and forwarding mail to the insured's overseas residence. In a deposition, Knuttila testified that he did not pay cash for rent and did not have a written lease with the insured. But when Knuttila moved onto the property in August 1997, he understood that he would live on the property for two years in exchange for his services while the insured was overseas. When the insured returned in June of 1999, he resided in an apartment, and Knuttila and the insured discussed con-

tinuing the arrangement. As of March 2001, Knuttila continued to live on the property in exchange for his services.

On July 1, 1999, a fire occurred on the property, causing significant damage. At that time, Knuttila's son, Brian Knuttila, was visiting and staying on the property. Knuttila was separated from his wife but had frequent visitation with his three children. At the time Knuttila entered the arrangement with the insured, the insured knew Knuttila's children would visit and stay with him at the property.

Appellant initiated a subrogation action against the Knuttilas, alleging that the Knuttilas left a citronella candle burning near combustibles when they slept. The district court granted summary judgment for the Knuttilas, concluding that the action was barred by the Bruggeman doctrine. This appeal follows.

## ISSUE

Did the district court err in ruling the landlord's insurer may not subrogate against respondents?

## ANALYSIS

On an appeal from summary judgment, an appellate court asks two questions: "(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). An appellate court need not defer to the district court's application of the law when the material facts are not in dispute. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Because the parties do not dispute the facts, we must determine whether, as a matter of law, the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

district court erred in awarding summary judgment for the Knuttilas.

Appellant argues that *Bruggeman* does not apply in this case because (1) the Knuttilas were not tenants because they did not pay money for rent and (2) subsequent caselaw limited *Bruggeman.* *United Fire & Cas. Co. v. Bruggeman,* 505 N.W.2d 87 (Minn.App.1993), *review denied* (Minn. Oct. 19, 1993). We disagree.

In *Bruggeman,* after a fire damaged a building leased to the tenants, the insurer paid the insured landlords for the building damage and the fire insurer brought an action against the tenants for negligence. *Id.* at 88. This court determined that because both the tenant and the landlord had an insurable interest in the building structure (i.e., the possessory interest of the tenant and the ownership interest of the landlord), the tenant was essentially a co-insured on the landlord's fire insurance policy with respect to the building structure. *Id.* at 89–90. Because the tenants were effectively co-insureds under the landlord's policy, and because an insurer cannot subrogate against its own insured, we concluded that the insurer could not recover amounts paid to the landlord under its policy against the co-insured tenants. *Id.* In so concluding, this court discussed the policy behind the decision:

> If * * * each tenant is responsible for all damages arising from its negligence in causing a fire and if each tenant was therefore responsible for its own fire insurance, the same property would be insured many times over. While this may provide insurance companies a welcome windfall, it would be contrary to economic logic and common sense.

*Id.* at 89. We also noted that "the landlord is the party in the best position" to assume responsibility for any safety and structural precautions imposed by the insurer in efforts to minimize risks. *Id.*

■ First, appellant asserts that the Knuttilas were not tenants because they did not pay "cash" for rent. A residential tenant is a "person who is occupying a dwelling * * * under a lease or contract, whether oral or written, that requires the payment of money *or exchange of services.*" Minn.Stat. § 504B.001, subd. 12 (2000) (emphasis added). A tenancy at-will is created when a "tenant holds possession by permission of the landlord but without a fixed ending date." Minn.Stat. § 504B.001, subd. 13 (2000). A tenancy at-will "may be terminated by either party by giving notice in writing," but the "time of the notice must be at least as long as the interval between the time rent is due or three months, whichever is less." Minn. Stat. § 504B.135 (2000).

■ The insured permitted Knuttila to live on his property in exchange for Knuttila performing maintenance. Both expected the arrangement to last for two years, until the insured returned from overseas. Upon returning, the insured and Knuttila continued the arrangement. The undisputed facts show that Knuttila exchanged services for a possessory interest in the property without a fixed ending date. Accordingly, Knuttila was a tenant-at-will, and as such, he had a possessory interest in the property that could not be terminated without notice.[1] Because Knuttila had a tenant's possessory interest in the building structure, he was essentially a co-insured on the insured's policy with respect to the building structure, and ap-

---

1. We need not decide what notice Knuttila was entitled to, but it is clear he would have been entitled to notice. *See Sanford v. Johnson,* 24 Minn. 172 (1877) (applying predecessor statute and recognizing where lease fixes no term for tenancy, tenant is tenant at will and may terminate tenancy by giving statutory notice).

pellant's subrogation action against Knuttila fails.

Appellant argues that because the Knuttilas did not pay cash for rent, they cannot show that the rent payments indirectly paid the insurance premiums as required by *Bruggeman*. But *Bruggeman* does not require the tenant to establish that the landlord mailed part of the rent to the insurance company as a premium. *Bruggeman* simply talks about "paying rent." *See Bruggeman*, 505 N.W.2d at 89 (recognizing "tenant *indirectly* pays the insurance premiums" (emphasis added)). Rent may be money or exchange of services. Minn.Stat. § 504B.001, subd. 12. Here, Knuttila paid rent by performing services, thus freeing up his landlord's cash for insurance premiums or any other expense. Accordingly, the policies recognized in *Bruggeman* apply here. Appellant fails to cite any case that supports its position that rent must be in currency and cannot be compensation in the form of valued goods or services.

▮▮▮ Appellant's claim against Knuttila's son also fails. Respondent's son is in the same category as a minor or adult child living in his parent's apartment. If the landlord's insurer cannot subrogate against the parent named on the lease, it makes no sense for the insurer to circumvent the rule by suggesting a bona fide member of the household is not on the lease. Any insurance policy the tenant might happen to carry for himself or herself would cover bona fide family members residing in the property.

Second, appellant asserts that subsequent caselaw has limited *Bruggeman* and thus it is not applicable in this case. Appellant relies on *Osborne v. Chapman*, 574 N.W.2d 64 (Minn.1998), to support its assertion. In *Osborne*, the tenant negligently caused a fire in the leased premises, and the district court found the tenant was liable in negligence to the landlords for loss of use (i.e., lost rents) while the structure was repaired. *Id.* at 66. The court concluded that *Bruggeman* did not apply to the landlord's claim for lost rent because the tenant had no insurable interest in the lost-rent claim and would not be a co-insured under such coverage. *Id.* The court determined that the co-insured relationship between landlord and tenant as described in *Bruggeman* was limited to damage to the building structure. *Id; see also Nuessmeier Elec., Inc. v. Weiss Mfg. Co.*, 632 N.W.2d 248, 252 (Minn.App.2001) (recognizing *Osborne* "confirmed *Bruggemans* narrow application to the co-insured's interest in the building structure"), *review denied* (Minn. Oct. 16, 2001); *see also Bigos v. Kluender*, 611 N.W.2d 816, 823 (Minn.App.2000) (recognizing *Osborne* did not limit or implicitly overrule *Bruggeman* because *Osborne* did not involve subrogation action brought by insurer but rather direct action by landlord against tenant), *review denied* (Jul. 25, 2000); *Bruggeman*, 505 N.W.2d at 89 (noting insurable interests between landlord and tenant are limited to structure that is subject of fire policy).

This is not a case where the landlord alleged loss of use. Appellant is seeking to recoup insurance proceeds paid out for damage to the building structure. This is precisely the situation *Bruggeman* addressed. We conclude the district court did not err in granting summary judgment for the Knuttilas.

Finally, appellant argues that this case extends *Bruggeman*. Appellant asserts that if *Bruggeman* applies here, *Bruggeman* would prevent an insurer from subrogating against an appliance repairman or babysitter whose negligence damaged the property because mere presence would qualify under the doctrine. We disagree. A repairman is a business invitee and has

the right to be in the residence for only that period of time needed to perform their duties. *See, e.g., Meyer v. Mitchell,* 248 Minn. 397, 400, 80 N.W.2d 450, 453 (1957) (recognizing business invitee must be on occupier's premises for some purpose of the invitor). The right of a business invitee to enter and remain on the premises is not the same as the possessory interest of a tenant-at-will, a month-to-month tenant, or a tenant with a defined lease. The possessory interest of a tenant is conditioned on the payment of rent, and the law sets forth strict procedures requiring that tenants receive fair notice that they have to leave the premises. *See, e.g.,* Minn.Stat. § 504B.135 (stating tenancy at-will may be terminated by giving notice in writing that is "at least as long as the interval between the time rent is due or three months, whichever is less"). On the other hand, with appliance repairmen and babysitters, the resident can change their mind and ask them to leave for no reason, and the repairman has no vested interest in the right to remain on the premises other than the quantum meruit value of the services performed before being told to leave. That quantum meruit right to the value of services performed has nothing to do with a possessory interest in the premise.

Our decision does not extend *Bruggeman.* The insured needed someone to oversee the property and perform maintenance because he expected he would be out of the country for two years. Knuttila was a tenant-at-will in exchange for services and had a possessory interest in the property; he was not merely present on the property.

## DECISION

Because the Knuttilas were co-insureds under the landlord's fire insurance policy, State Auto may not maintain a subrogation action against them. The district court's grant of summary judgment in favor of respondents is affirmed.

**Affirmed.**