# IN THE COURT OF APPEALS OF IOWA

No. 4-063 / 13-1160
Filed March 26, 2014

**DES MOINES ASPHALT & PAVING, and LIBERTY MUTUAL,**
    Petitioners-Appellants,

**vs.**

**HECTOR LEE ANTHONY GOMEZ,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

An employer and its insurer appeal from a district court ruling upholding the Iowa Workers' Compensation Commissioner's award of permanent total disability benefits for an employee's mental injury.  **AFFIRMED.**

Rene Charles LaPierre and Deena A. Townley of Klass Law Firm, L.L.P., Sioux City, for appellants.

Joseph S. Powell of Thomas J. Riley Law Firm, P.C., Des Moines, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Des Moines Asphalt & Paving (employer) and Liberty Mutual Insurance Co. (insurer) appeal from an adverse ruling by the district court on their petition for judicial review of the Iowa Workers' Compensation Commissioner's decision, which awarded employee Hector Gomez benefits for permanent total disability. We affirm.

### I.  Scope of Review.

It must first be noted that our review of final agency action is "severely circumscribed."  *See Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 839 (Iowa 2002); *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995).  Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts.  *See id.*

In the realm of workers' compensation proceedings, it is the workers' compensation commissioner, not the court, who weighs the evidence and measures the credibility of witnesses.  *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011).  This includes the "determination of whether to accept or reject an expert opinion," as well as the weight to give the expert testimony.  *See id.*  "Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence.  *See id.*; *see also Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996).  In fact, "we are obliged to apply those findings broadly and liberally to uphold rather than defeat the commissioner's decision."  *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d

433, 436 (Iowa 1997) (quoting *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995) (internal quotation marks omitted)).

"We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, ___ N.W.2d ___, ___, 2014 WL 890152, *4 (Iowa 2014) (citation and internal quotation marks omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). When we conduct a substantial evidence review of an agency decision, it is not for us to make "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *House*, ___ N.W.2d at ___, 2014 WL 890152 at *4 (quoting *Pease*, 807 N.W.2d at 845).

## II. *Background Facts and Proceedings*.

On June 7, 2008, Gomez was assaulted by a co-worker while at a job site. He was subsequently treated by various doctors and diagnosed with, among other things, post-traumatic stress disorder (PTSD). A detailed recitation of his medical treatment would serve no useful purpose here. Gomez filed a petition in

arbitration seeking workers' compensation benefits from his employer and its insurer as a result of the assault.

In his arbitration decision, the deputy commissioner found that Gomez had proved the assault was a traumatic event and had proved the assault caused his mental injury. The deputy commissioner found Gomez had proved the assault caused a permanent injury. "The assault caused [Gomez's] PTSD and has aggravated his depression and anxiety." The deputy commissioner expressly gave more weight to the expert opinions of treating physicians over the one-time evaluating physician. The deputy commissioner found Gomez suffered a permanent total disability. The employer and its insurer appealed that decision, and, the commissioner, in his de novo review, affirmed the decision of the deputy and adopted the decision as the final agency decision.

The employer and its insurer filed a petition for judicial review in the district court, arguing Gomez failed to prove: (1) he actually suffers from PTSD; (2) his injury arose in and out of his employment; (3) his PTSD is permanent; and (4) his PTSD prevents him from maintaining employment. The district court affirmed the agency's final order.

The employer and its insurer now appeal.

### III. Discussion.

On appeal, the employer and its insurer raise the same arguments to us as proffered to the district court. We have carefully reviewed the record, the briefs of the parties, and the district court's thorough and well-reasoned ruling. The district court's ruling identifies and considers all the issues presented. In applying the above standard-of-review precepts, and in giving the due deference

we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court's ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e) (2014). Accordingly, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**