**IN THE COURT OF APPEALS OF IOWA**

No. 14-1397
Filed March 25, 2015

**TYSON FOODS,**
        Petitioner-Appellant,

**vs.**

**MARIA GAYTAN,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Jeannie Kunkle

Vaudt, Judge.


An employer appeals from a district court ruling upholding the Iowa

Workers' Compensation Commissioner's review reopening decision awarding

additional benefits to an employee.  **AFFIRMED.**



Jean Z. Dickson of Betty, Neuman & McMahon, P.L.C., Davenport, for

appellant.

William J. Bribriesco of William J. Bribriesco & Associates, Bettendorf, for

appellee.



Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Tyson Foods (employer) appeals from an adverse ruling by the district court on its petition for judicial review of the Iowa Workers' Compensation Commissioner's review reopening decision awarding employee Maria Gaytan additional benefits for her work injury. We affirm.

## I. Scope of Review

At the outset, we note our review of final agency action is "severely circumscribed." *See Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 839 (Iowa 2002); *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts. *See id.*

In the realm of workers' compensation proceedings, it is the workers' compensation commissioner, not the court, who weighs the evidence and measures the credibility of witnesses. *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). This includes the "determination of whether to accept or reject an expert opinion," as well as the weight to give the expert testimony. *See id.* Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence. *See id.*; *see also Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "'we are obliged to apply those findings broadly and liberally to uphold rather than defeat the commissioner's decision.'" *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d

433, 436 (Iowa 1997) (quoting *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995)).

"We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (citation and internal quotation marks omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2013). When we conduct a substantial evidence review of an agency decision, it is not for us to make "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *House*, 843 N.W.2d at 889 (quoting *Pease*, 807 N.W.2d at 845).

## II.    *Background Facts and Proceedings*

Gaytan suffered a left shoulder injury while working at Tyson's Columbus Junction plant in November 2005. She filed a petition in arbitration for workers' compensation benefits with the Iowa Workers' Compensation Commissioner. In his arbitration decision, the deputy commissioner concluded the injury was the cause of permanent disability and Gaytan had "a 40 percent loss of earning

capacity or industrial disability." Gaytan was awarded two hundred weeks of permanent partial disability benefits. Tyson did not seek intra-agency review of the decision.

In June 2010, Gaytan underwent left shoulder surgery. In March 2012, Gaytan filed a review-reopening petition asserting a change of condition since the arbitration decision. She claimed she suffered additional industrial disability as a result of the November 2005 injury. In his review-reopening decision, the deputy commissioner found:

> Since the arbitration decision [Gaytan] claimant has undergone left shoulder surgery. At the time of the arbitration decision, it was found that [Gaytan] had a two percent permanent impairment to the body as a whole. Since her surgery, [Gaytan's] functional impairment has risen to ten percent to the body as a whole. Given this record, [Gaytan] has carried her burden of proof that she has a change in condition related to her work injury with Tyson since the original award of benefits.

The deputy awarded Gaytan the following benefits:

> (1) healing period benefits from June 23, 2010 through May 24, 2011 at the rate of $352.12;
> (2) permanent and temporary total disability benefits at the rate of $352.12 per week for the period of [Gaytan's] permanent total disability commencing on November 22, 2005; and
> (3) a penalty of $176.11 for Tyson's failure to pay 30 days of benefits following the issuance of an Auxier[1] notice to Maria on July 7, 2010.

Tyson appealed the decision to the Commissioner. The Commissioner affirmed the decision without additional comment.

---

[1] *Auxier v. Woodward State Hospital-School*, 266 N.W.2d 139, 142 (Iowa 1978) (finding workers' compensation claimants are entitled to notice which, among other things, states the contemplated time of the termination of benefits, which shall occur not less than thirty days following the notice).

Tyson then filed its petition for judicial review. In denying the petition, the district court concluded there was substantial evidence of a change in Gaytan's condition after the original arbitration decision. The court also found substantial evidence supported an award of permanent partial disability benefits under the odd-lot doctrine and an award of healing period benefits from June 23, 2010, through May 24, 2011. The district court affirmed the Commissioner's review-reopening decision in its entirety.

Tyson now appeals, arguing substantial evidence does not support a finding that Gaytan sustained a change in condition since the original arbitration decision. It also argues the award of permanent total disability benefits was not supported by substantial evidence.

### III. Discussion

We have carefully reviewed the record, the briefs of the parties, and the district court's thorough and well-reasoned ruling. The district court's ruling identifies and considers all the issues presented. In applying the above standard-of-review precepts, and in giving the due deference we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e). Accordingly, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**